884 F.2d 1399
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Krim M. BALLENTINE, Petitioner,
v.
DEPARTMENT OF JUSTICE, Respondent.
 No. 89-3193.
 United States Court of Appeals, Federal Circuit.
 Aug. 15, 1989.
Rehearing Denied Sept. 20, 1989.
 
 Before ARCHER, Circuit Judge, COWEN, Senior Circuit Judge, and MICHEL, Circuit Judge.
 PER CURIAM.
 
 DECISION
 
 1
 Krim Ballentine petitions for review of a decision of the Merit Systems Protection Board (MSPB or board), Docket Nos. DA07528710069 and CH075285C9030. The board modified and sustained initial decisions dismissing petitioner's appeal of an allegedly involuntary retirement for lack of jurisdiction and dismissing his petition for enforcement of a prior board decision ordering the Department of Justice (agency) to cancel petitioner's removal. We affirm.
 
 OPINION
 
 2
 Petitioner first contends that the board erred in failing to hold that its order that the agency cancel his removal from his position as Chief Deputy U.S. Marshal entitles him to be reinstated to that position, despite the fact that he had already retired when the order was issued. As the board correctly recognized, however, a federal employee who voluntarily retires while an appeal of an adverse action is pending is not entitled to rescind that retirement if he subsequently prevails on that appeal. See Kestner v. Department of the Interior, 229 Ct.Cl. 772, 774-75 (1982); Taylor v. United States, 591 F.2d 688, 690 (Ct.Cl.1979).
 
 
 3
 Petitioner's second argument is that the board erred in failing to find that his retirement was involuntary. The board considered the evidence and concluded that petitioner did not establish that he had been misled or coerced into applying for and accepting a disability retirement. See Scharf v. Department of the Air Force, 710 F.2d 1572, 1574-76 (Fed.Cir.1983). The fact that petitioner may have felt that he was faced with the choice between two unpleasant alternatives--retiring on disability or accepting a demotion--does not in itself render his decision to retire involuntary. See Christie v. United States, 518 F.2d 584, 587 (Ct.Cl.1975).
 
 
 4
 After a careful review of the record, we find no basis for disturbing the board's decision under the applicable statute, 5 U.S.C. Sec. 7703(c) (1982).