William C. TAYLOR

v.

The UNITED STATES.

No. 349–77.

United States Court of Claims.

Jan. 24, 1979.

Before COWEN, Senior Judge, and DAVIS and KUNZIG, Judges.

## ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND PLAINTIFF'S CROSS–MOTION FOR SUMMARY JUDGMENT

COWEN, Senior Judge:

█ The parties' cross-motions for summary judgment in this civilian pay case raise an issue not previously decided by this court. The question for decision is whether a classified Civil Service employee, who retires after his removal from the service but while his appeal from such adverse action is pending, is entitled to back pay and reinstatement if the removal action is cancelled by an administrative appellate decision. Since we find that plaintiff's retirement was voluntary, we hold that he is not entitled to back pay or other employment rights.

Plaintiff was a permanently classified Civil Service employee who held a GS–14 position as a mathematician in the Applied Mathematics Division, Ballistic Research Laboratories, United States Army Research and Development Center, Aberdeen Proving Ground, Maryland. On September 17, 1971, he was notified by a Letter of Proposed Adverse Action that the agency proposed to separate him from the service (1) for failure to produce any tangible results of his research since assignment to the Applied Mathematics Division in July 1968; (2) for unwillingness to work on assigned duties in a team effort, and (3) for failure to comply with written instructions.

Plaintiff submitted a written reply to the charges, but by letter of January 10, 1972, he was advised that the charges were sustained and that his removal would be effective January 14, 1972.

On February 11, 1972, plaintiff appealed his removal by the adverse action to the agency's appellate level. On February 28, 1972, while his appeal was pending, he submitted a written application for a voluntary

John I. Heise, Jr., Silver Springs, Md., for plaintiff. Robert A. Hahn, Silver Springs, Md., of counsel.

LeRoy Southmayd, Jr., Washington, D. C., with whom was Asst. Atty. Gen. Barbara Allen Babcock, Washington, D. C., for defendant.

retirement. At that time plaintiff was past 62 years of age and had more than 22 years of creditable service with the Federal government. He was therefore entitled to retire under the provisions of the Civil Service Act (5 U.S.C. § 8331, *et seq.*). The application was approved by the Civil Service Commission and was made effective retroactively to January 15, 1972, the day following the date of his removal from the Federal service.

The United States Army Civilian Appellate Review Office (USACARO) issued findings and recommendations on November 15, 1972, concerning plaintiff's removal. It found that the first charge was not supported by the evidence and that charges 2 and 3 lacked specificity and detail and were procedurally defective. It was recommended that the action to remove plaintiff be cancelled. On September 29, 1973, Headquarters, United States Army Materiel Command (HQUSAMC), Alexandria, Virginia, issued a final agency appellate decision, which affirmed the findings of the USACARO examiner and ordered that the removal action be cancelled and purged from plaintiff's official personnel folder. However, the decision stated that plaintiff would not be entitled to back pay because he had voluntarily retired effective January 15, 1972, the day following the date of his removal.

By letters dated November 15, 1973 and July 29, 1974, plaintiff wrote the Army Materiel Command, requesting that he be reinstated with back pay. He contended that his retirement was involuntary and forced upon him by the duress of an unwarranted removal action. The Army, by letters of January 17 and October 11, 1974, disagreed with plaintiff, but informed him of his right to appeal to the Philadelphia Office of the Federal Employee Appeals Authority, Civil Service Commission. Plaintiff appealed to that office, which by decision of September 23, 1975, sustained his appeal and recommended that his separation by retirement be cancelled and that he be reinstated to his former position retroactively to the date of his separation. The opinion stated that "the appellant had a choice between removal and retirement benefits only because of the duress of the unwarranted adverse action initiated against him by the agency." On October 8, 1975, the Army appealed the decision of the Philadelphia Office to the Appeals Review Board of the Civil Service Commission. On November 19, 1976, that Board reversed the action of the Philadelphia Office, holding that defendant's retirement was a voluntary action and therefore was not a matter within the purview of the Commission's appellate jurisdiction.

I.

In a recent decision involving the right of a retired employee to reinstatement and back pay, this court declared: "The focus of our consideration must be the voluntariness of plaintiff's retirement in June 1972. If that choice was freely made, he had no right after that event to further employment by the Federal Government * *." *Roskos v. United States*, 549 F.2d 1386, 1388, 213 Ct.Cl. 34, 37 (1977).

Here, as in that case, the controlling issue is whether plaintiff's retirement was voluntary. The clear import of the statutes, regulations and decisional law is that a voluntary retirement, like a resignation, results in the employee's complete separation from the Federal service—a separation which, after it becomes effective, may not thereafter be revoked or withdrawn at his option. *McGucken v. United States*, 407 F.2d 1349, 187 Ct.Cl. 284, *cert. denied* 396 U.S. 894, 90 S.Ct. 190, 24 L.Ed.2d 170 (1969); *Rosenblatt v. United States*, 497 F.2d 928, 204 Ct.Cl. 910, *cert. denied* 419 U.S. 1032, 95 S.Ct. 514, 42 L.Ed.2d 307 (1974).

In Federal Personnel Manual (FPM) Supp. 752–1, subparagraph S1–2, the Civil Service Commission has set forth the following guidelines for determining whether a separation from the service is voluntary or involuntary:

S1–2. VOLUNTARY AND INVOLUNTARY SEPARATIONS AND REDUCTIONS

a. General. (1) Separations and reductions in rank or pay voluntarily initiated by an employee are by their very nature actions which do not require the use of adverse action procedures. On the other hand, a normally voluntary action—i. e., a resignation, optional retirement, or reduction in rank or pay at the employee's request is an adverse action for which the Commission will accept a timely appeal if it is obtained by duress, time pressure, intimidation, or deception. Whether an action is voluntary or involuntary is determined not by the form of the action, but by the circumstances that produced it (see FPM chapter 715).

(2) The Commission holds that an action requested by an employee is voluntary only if the employee has freedom of choice. The general principle is that an action is voluntary if the employee is free to choose, understands the transaction, is given a reasonable time to make his choice, and is permitted to set the effective date. (See *McGucken v. U. S.*, for similar characteristics the courts consider when determining the voluntariness of an action.)

    \*    \*    \*    \*    \*    \*·

\* \* \* The fact that the employee may be faced with an inherently unpleasant situation, or that his choice may be limited to two unpleasant alternatives, does not make the resulting action an involuntary action. \* \* \*

In *McGucken v. United States, supra*, this court declared that in determining whether an employee's resignation was submitted under duress, the three elements necessary to show duress are (1) that one side involuntarily accepted the terms of another, (2) that circumstances permitted no other alternative, and (3) that said circumstances were the result of coercive acts of the opposite party.

When the administrative regulation and the court-developed test are applied to the facts of this case, we conclude that the finding by the Appeals Review Board that plaintiff's retirement was voluntary, is supported by substantial evidence and must be sustained.

II.

There is no doubt that plaintiff had a reasonable time in which to exercise his choice to retire. Before he filed his application to retire, he was advised that he had the right to have his retirement made effective retroactively to the date of his removal. As early as May 1971, some 3 months before he was given notice of the proposed adverse action, he was concerned about being removed and made inquiry as to whether his dismissal would pose a threat to his pension. He was advised that it did not. Again, in October 1971, a short time after the notice of his proposed removal was issued, he sought advice from defendant's retirement counselors regarding the amount of his retirement and effect removal from office would have on his life and health insurance. At that time, he was furnished a computation showing the amount of the annuity he was entitled to receive and was told that if he applied for retirement within 30 days from the proposed date of his removal, his life and health insurance would be continued.

In January or February 1972, after his appeal but before he applied for retirement, he informed one of defendant's representatives that he had decided not to retire until after a decision was rendered on his appeal. He knew when he delayed the filing of his application for retirement that he would lose his rights to government life and health insurance, but he testified that these were only minor factors in the decision he made. He changed his mind again on February 28, 1972 because he did not want to lose the interest that could be earned on his annuity.

III.

In his appeal to the Civil Service Commission, plaintiff contended that his retirement was involuntary on two grounds. First, he asserted that it was coerced, because his pay was cut off when he was removed from his position. There is no doubt that plain-

tiff was faced at that time with an unpleasant choice.

■ But, as stated in FPM Supp. 752–1, the fact that an employee is faced with an unpleasant situation or has to choose between two unpleasant alternatives does not make the resulting action involuntary unless there is deception, coercion, duress, time pressure or intimidation. Plaintiff has not shown that his decision to retire was due to any of these causes. Consequently, his choice was not involuntary or coerced within the intent of the regulation. *Christie v. United States*, 518 F.2d 584, 588, 207 Ct.Cl. 333, 338 (1975).

■ Plaintiff also contended that his retirement was involuntary because he understood that it would have no effect on his rights to reinstatement and back pay and that he was not warned that these rights would be lost if he retired before the appeal was decided. The evidence does not establish that at any time during the inquiries he made about his retirement, he ever asked whether his retirement while the appeal was pending would eliminate his rights to back pay and reinstatement. The record is clear that plaintiff was not deceived or misled as to the consequences of his retirement. His mistaken, subjective perception of his rights did not render his retirement involuntary, because the test as set forth in a number of our decisions is one of external coercion or duress, rather than the internal, subjective perception of the employee. *McGucken v. United States, supra; Leone v. United States*, 204 Ct.Cl. 334, 340 (1974).

The record fully supports the finding of the Board of Appeals and Review that there was "not a scintilla of evidence * * indicating that the agents exerted any external duress or coercion to obtain his retirement."

### IV.

■ Plaintiff maintains that since he applied for retirement after he had been re-

moved, that fact alone shows that his retirement was involuntary. We do not agree. Voluntariness in the circumstances of this case is to be established by all of the relevant facts rather than by the time at which the retirement was applied for. It is clear that plaintiff made a deliberate and carefully considered decision to retire after he had obtained the information he had requested. He could have retired before the date of his removal, or he might have waited until after the appeal was decided as he at first contemplated. However, on his own initiative, he decided to file his application for retirement on February 28, 1972.

Plaintiff also argues that since he did not set the effective date of his removal, his retirement was involuntary. He relies on FPM Supp. 752–1, subchapter S1–2b(4) of February 4, 1972 [1] which stated:

> *Employee does not set effective date.* An action is involuntary if the employee does not set the effective date. The agency may point out the desirability of another date, but it may not arbitrarily set an earlier or later date and have the action remain a voluntary one.

However, the issue before us is not whether the effective date of his removal was fixed by him, but whether he was required to select the date when he could exercise his right to retire. It is undisputed that no one attempted to persuade or force him to retire, either before or after January 14, 1972. Plaintiff testified unequivocally that no one forced him to retire at any time and that he was fully cognizant of the fact that his retirement would be made retroactive to the date of his separation, regardless of whether he filed his application before or after the date of his removal.

### V.

Plaintiff's alternative position is that even if his retirement was voluntary, he is nevertheless entitled to reinstatement and back pay, in which event, the annuities he has received could be offset against his

---

1. The February 4, 1972 Supplement was in effect at the time plaintiff was removed. It was superseded by the FPM Supplement of October 11, 1976, quoted in Part I, which contains language similar to, but not identical with the February 4, 1972 Supplement.

back pay. Plaintiff argues that there is no statute or regulation which forbids the adoption of this position and says that it is supported by FPM subchapter S8, which reads in part as follows:

Subchapter S8. Reversal of Adverse Action.

\*     \*     \*     \*     \*     \*

S8–3. AGENCY–INITIATED COR-RECTIVE ACTION

When the agency on its own initiative decides that an adverse action was unjustified or unwarranted, it generally cancels the adverse decision and restores the employee retroactively to his former position. This may be done regardless of whether the employee may be granted back pay. Retroactive restoration gives the employee continuity of service, which may serve as a foundation for other benefits.

We reject plaintiff's contention on three grounds.

■ First, the regulation relied on by plaintiff contains the qualifying term "generally," and in any event, it must be interpreted in connection with FPM Supp. 752–1, S1–2 quoted above. As previously stated, the Civil Service Commission, which promulgated these regulations, held that since plaintiff's retirement was voluntary, it no longer had jurisdiction to act on his claim for reinstatement and back pay. We have frequently stated that the Civil Service Commission is in the best position to interpret its own regulations, *Colbath v. United States*, 341 F.2d 626, 631, 169 Ct.Cl. 414, 419 (1965), and its interpretation in this instance is consonant with analogous decisions of this court.

Second, plaintiff's position collides with the rationale of our decision in *Roskos v. United States, supra.*

Third, the United States District Court for the Northern District of Georgia, in *Phillips v. Hampton*, No. 12370, order of June 11, 1971, ruled directly contrary to plaintiff's contention here. The court's order stated in part:

Plaintiff now asserts that the ultimate determination was that his reassignment was a reduction, and his retroactive retirement should be read back into time, so that he could take it into account in deciding whether or not to retire. The Atlanta Regional Office and the Board both determined that the issue of voluntariness could only be determined as of the time of retirement. The Court agrees, and is unwilling to let the subsequent reinstatement be used to vitiate retirement.

It follows from the foregoing that defendant's motion for summary judgment is granted, plaintiff's cross-motion for summary judgment is denied, and plaintiff's petition is dismissed.