This civilian pay claim for reinstatement and back pay is presented to the court on defendant’s motion for summary judgment and plaintiffs opposition thereto. We hold for defendant.
*495 Plaintiff was employed as a supervisory meteorological technician, GS-13410-11, Step 10, in Winnemucca, Nevada. On June 23, 1976, he was indicted for using force to compel a woman to engage in sexual acts with him in violation of Nevada law. He entered a plea of nolo contendere and was placed on probation for 5 years. He states that the charges were later dismissed.
Pending the outcome of the criminal proceedings, plaintiff was detailed to a nonsupervisory GS-9 position. When the criminal proceedings were concluded the director of the Weather Service wrote to plaintiff on March 21, 1977, stating the plaintiffs reassignment would promote the efficiency of the service because his effectiveness as a Weather Service representative in the Winnemucca community had become impaired. Plaintiff was reassigned to a supervisory meteorological technician position, GS-1341-11, at the San Francisco International Airport. The letter stated that the reassignment was not a determination of plaintiffs guilt. The letter further stated that if plaintiff failed to accept the reassignment he would be separated and would be ineligible for severance pay and discontinued retirement. Soon thereafter plaintiff was advised that the letter was in error as to his eligibility for discontinued service retirement in the event he refused the reassignment.
Plaintiff decided that since he would be eligible for discontinued service retirement pay he would rather remain in his present community than to be relocated in San Francisco. He requested and was furnished appropriate standard retirement application form, No. 2801.
Plaintiff signed the application form on April 10, 1977. He requested that his retirement become effective on April 23, 1977, two days before the date he was to report to San Francisco. The application was approved on April 18, 1977, and on that date a notification of personnel action, standard form No. 50, was issued, documenting the "termination” effective April 23, 1977, because plaintiff had "declined reassignment.” As noted above, the effective date for that action was the same date plaintiff had provided on his standard form No. 2801 as the "date of final separation.” *496 The agency, therefore, did not initiate an adverse action against plaintiff for failure to report to his new position.
On May 3, 1977, plaintiff appealed to the Federal Employee Appeals Authority (FEAA) claiming that he had been terminated for his failure to accept a reassignment and that he had not received a notice and a hearing as prescribed in 5 C.F.R. §752 (1976). The FEAA held a hearing at which counsel for the agency objected to the relevance of any evidence concerning the termination because there was none. The hearing officer overruled the objection and considered evidence on the questions of whether plaintiff retired voluntarily and whether he had been granted the necessary procedural rights. On the evidence presented, it was decided that plaintiffs retirement was voluntary and that he thus had no rights under 5 C.F.R. § 752. This decision was entered on September 16, 1977.
On May 8,1978, plaintiff appealed and the Merit Systems Protection Board processed the claim, under a change in the law, as it would have been by the former Civil Service Commission Appeals Review Board. The FEAA decision was affirmed bn October 29, 1979, and plaintiff then brought this suit here on June 23,1980.
The alleged procedural error plaintiff pins his case on is that at the hearing evidence was considered on the volunta-riness of his retirement. This was a question preliminary to deciding whether plaintiff was or was not entitled to adverse action procedural rights by his agency. If his retirement was found to be voluntary then it follows, defendant argues, that he was not entitled to the rights he claimed because he was not terminated in an adverse action proceeding and the procedures of 5 C.F.R. §752 are inapplicable. We do not find any error in the taking of evidence by the hearing officer on the issue of the volunta-riness of plaintiffs retirement. This was an issue raised by the agency in response to plaintiffs appeal. The hearing officer was generous to plaintiff and stated on the record that "I’m going to overrule the objection and allow the Appellant to present his case as he sees it.” Plaintiff did not meet his burden to convince the hearing officer that he had been subject to an adverse action and was entitled to the *497 due process rights under 5 C.F.R. § 752. The decision that plaintiff voluntarily retired was based on substantial evidence. Plaintiffs brief admits there was no adverse action. Plaintiffs reliance on Roskos v. United States, 213 Ct. Cl. 34, 549 F.2d 1386 (1977), is thus inapposite.
When a personnel action is valid on its face, as here, it can be overcome and found to be an adverse action only if the resignation was submitted under duress inflicted by defendant. McCormack v. United States, 209 Ct. Cl. 778 (1976). Plaintiff must show that a reasonable person would find that (1) one side involuntarily accepted the terms of another, (2) circumstances permitted no alternative, and (3) circumstances were the result of coercive acts of the opposite party. Even if a plaintiff resigns under protest to avoid a threatened termination, the resignation is voluntary. Leone v. United States, 204 Ct. Cl. 334 (1974).
In this case plaintiff has not shown any form of coercion. No official in his agency suggested that he retire; this was plaintiffs own idea when he stated to the personnel officer that retirement was preferable to reassignment. The alternative of refusing reassignment and then being terminated did not appeal to plaintiff. But, such a termination would have been in accord with the regulations. Plaintiffs choice of alternatives may have been unpleasant but he had a free choice and that eliminates his claim of involuntary retirement, absent duress, which is alleged but not shown. Christie v. United States, 207 Ct. Cl. 333, 518 F.2d 584 (1975); FPM Supp. 752-1, S1-2. It further eliminates any grounds upon which we could hold in his favor. We find substantial evidence for the administrative decision and no violation of applicable and lawful procedures. Finally, it is clear that the reassignment defendant ordered was entirely proper and reasonable under the surrounding circumstances, to promote the efficiency of the service. Where a reassignment is properly motivated by the needs of the service, it is not an adverse action. Leefer v. Administrator, NASA, 543 F.2d 209 (D.C. Cir. 1976).
Plaintiff attempts to draw a fine distinction between a voluntary application for discontinued service retirement benefits and voluntary retirement. He says it was never his intention to voluntarily retire, only to draw the benefits *498 available to him when terminated for declining reassignment. Apparently it was his desire to get the retirement benefits and then to contest the reassignment. But, this would not have helped him in view of the voluntary nature of his action. Voluntariness is to be established by all of the relevant facts. It makes no difference whether he retired before or after termination for refusal to accept reassignment, if he quit voluntarily. Taylor v. United States, 219 Ct. Cl. 86, 591 F.2d 688 (1979).
Plaintiff has argued that under FPM Supplement 831-1 (December 16, 1974) he would not have been entitled to discontinued service retirement but for the fact his retirement was involuntary. Defendant seems to have surmounted this difficulty by a sort of legal fiction, permitting plaintiff to retire simultaneously with termination for refusing reassignment. In this way plaintiff got his retirement benefits and defendant got rid of plaintiff. We cannot say that this is not permitted by the somewhat ambiguous FPM Supplement 831-1 because while it does provide in Sll-2b that separation of an employee who resigns or is removed because of refusal to accept reassignment is considered involuntary for retirement purposes, subpara-graph 2d provides:
* * * Unsolicited resignations, those based on the belief or possibility that resignation will be requested, and those prompted solely by personal conviction or choice are voluntary rather than involuntary for retirement purposes. * * *
Subparagraph 2a says that:
* * * whether a separation is involuntary depends upon all the facts in a particular case; it is the true substance of the action which governs rather than the methods followed or the terminology used. The responsibility for determining whether a separation is involuntary for retirement purposes rests with the Commission.
We have examined the several other contentions advanced by the parties but do not find it necessary to discuss them, in view of the foregoing disposition of the case.
*499 it is therefore ordered, upon consideration of the pleadings, the defendant’s motion for summary judgment, plaintiffs response, the exhibits supplied with these papers, and the administrative record, without oral argument which has not been requested, that defendant’s motion for summary judgment is granted. The petition is dismissed.