In this case, petitioner sought reinstatement to his previous position and grade with full back pay from the date of his separation, on the grounds that his retirement was coerced as a result of a reduction-in-force (RIF) action undertaken by the Department of Interior (Department). On January 16, 1981, the Merit Systems Protection Board (MSPB) concluded that it did not have jurisdiction to hear petitioner’s claim and, further, that his retirement was voluntary. On February 20, 1981, the MSPB decision became final. Petitioner, pro se, now seeks review of the decision.
Petitioner was employed as an Investigator GS-14 in the Department’s Inspector General Office. In a memorandum dated July 28, 1980, petitioner was notified that, in accordance with the Inspector General Act of 1978, 5 U.S.C. App. §§ 1-9 (Supp. II 1978), his position would be abolished effective Agust 29, 1980. By this memorandum, petitioner was offered the vacant position of Investigator GS-13. If petitioner accepted this position, he would be entitled, under the Saved Grade and Pay Retention benefits of the Civil Service Reform Act of 1978, to receive his GS-14 salary for two years and only then would begin to receive smaller increments in pay until his salary equaled that of a GS-13. The memorandum further informed petitioner that if he refused to accept this position, he would be separated from federal employment but would be entitled to an immediate discontinued service annuity based upon his approximately 34 years in service.
On August 11, 1980, petitioner declined the GS-13 Investigator position on the grounds that he believed the abolishment of his position to be "irregular, and not founded upon proper rules of good management and efficiency.” On August 15, 1980, petitioner submitted the resignation, noting that it was to become effective August 29, 1980, and elected to retire with an immediate annuity. Later, petitioner appealed the RIF action to the MSPB.
The MSPB dismissed the appeal on the grounds that petitioner’s election to retire effectively served as an intervening factor which nullified the proposed RIF action. The MSPB based its conclusion on its determination that *774 petitioner’s retirement was effective August 28, 1980, his last work day, rather than August 29, the last day of the pay period.. According to the MSPB, because petitioner’s retirement occurred on August 28 and the proposed RIF action did not become effective until August 29, petitioner’s action of electing to retire mooted the RIF action. Thus, the MSPB concluded it did not have jurisdiction.
Petitioner contests the MSPB’s conclusion as to the date his retirement occurred. Petitioner maintains that, in accordance with 5 U.S.C. §8301, his retirement became effective on September 1, 1980, and, therefore, the RIF action, because it preceded his retirement, was effective.
Respondent opposes such a conclusion by asserting that 5 U.S.C. § 8301 only applies to the commencement of retirement rights, such as payment of a retirement annuity, and not to the actual date of separation. Respondent would argue that although petitioner’s retirement occurred on August 29, 1980, it still preceded the RIF action. Therefore, the MSPB was correct in concluding that it did not have jurisdiction.
We need not decide which came first — the retirement or the RIF action. The outcome remains the same. If petitioner’s retirement did, in fact, precede the RIF action, then the MSPB was quite correct in determining that it did not have jurisdiction to hear petitioner’s case. If, on the other hand, petitioner’s retirement occurred after the RIF action became effective, jurisdiction would then lie with the MSPB. Assuming, arguendo, that petitioner’s retirement occurred after the RIF action occurred and, further, that the MSPB would determine, if we were to remand the case, that the RIF action was improper or defective, petitioner would still not be entitled to reinstatement and back pay.
In our recent decision, Taylor v. United States, 219 Ct.Cl. 86, 591 F.2d 688 (1979), we held that a Civil Service employee who voluntarily retires after his/her removal has been effected but while his/her appeal is pending, is not entitled to back pay and reinstatement if the removal action is later cancelled by an administrative appellate decision. Id. at 88, 591 F.2d at 689. Similarly, if a federal employee, like petitioner, voluntarily retires after a RIF action took effect, the federal employee is not entitled to *775 back pay and reinstatement even if the RIF action was later determined to be improper. Our reasoning in Taylor was based upon an analysis of the voluntary nature of the retirement. As we said in Taylor, "[t]he clear import of the statutes, regulations and decisional law is that a voluntary retirement, like a resignation, results in the employees’ complete separation from the Federal service — a separation which, after it became effective, may not thereafter be revoked or withdrawn at his option.” (Citations omitted.) Id. at 90, 591 F.2d at 690.
In the instant case, the MSPB determined that petitioner’s retirement was voluntary. We agree. Although the petitioner may have felt that his choices, i.e., retirement, accepting the GS-13 position, or termination, were not pleasant, this fact in itself does not render his decision to retire involuntary. Christie v. United States, 207 Ct.Cl. 333, 338, 518 F.2d 584, 587 (1975). Petitioner had 14 days to decide whether to accept the offered GS-13 position. Furthermore, petitioner had 30 days to decide whether to retire or be separated when his position was abolished. Petitioner chose to retire. His choice was made freely and with ample time for reflection. We, therefore, conclude that the MSPB’s decision that petitioner voluntarily retired is supported by substantial evidence.
Accordingly, on consideration of the record and the parties’ submissions, and without oral argument, the petitioner’s request for review is denied and the decision of the MSPB is affirmed.