Raymond BROWN, Plaintiff,

v.

The UNITED STATES, Defendant.

No. 357–82C.

United States Claims Court.

June 10, 1983.

Raymond Brown, plaintiff, pro se.

M. Susan Burnett, Washington, D.C., with whom was Asst. Atty. Gen. J. Paul McGrath, Washington, D.C., for defendant.

## ORDER

KOZINSKI, Chief Judge.

Plaintiff challenges his 1974 removal from the United States Forest Service. His challenge was given careful administrative review both within the agency and by the Civil Service Commission, and was rejected. Plaintiff nevertheless claims that his removal was improper because it was based on arbitrary and capricious agency decisions and was not in accordance with agency regulations.

The record reveals that the Forest Service informed plaintiff by letter dated March 4, 1974, that he would be separated from the service effective March 18. On March 7, plaintiff was instructed by the agency's personnel chief that he should apply for retirement benefits under 5 U.S.C. § 8336(d). Plaintiff completed an application that same day. The Civil Service Commission eventually approved the application and in late 1974 plaintiff began receiving retirement pay effective the date of his removal.

The Court of Claims has held that where an employee has accepted retirement he is precluded from seeking reinstatement and back pay. *Kestner v. United States,* No. App. 19–81 (Ct.Cl. Jan. 15, 1982); *Taylor v. United States,* 219 Ct.Cl. 86, 591 F.2d 688 (1979). The court reasoned that, by accepting retirement, the employee has voluntarily surrendered all claims to his former position. The only exceptions to this rule are where the retirement was involuntary because it was obtained by coercion or because the employee was affirmatively misled as to the effect of accepting retirement. *Taylor,* 219 Ct.Cl. at 92–93, 591 F.2d 688.

This record discloses neither coercion nor deception, although it appears that plaintiff was not advised that by accepting retirement he would be surrendering his claim to his former position. Failure to counsel a plaintiff as to the effect of accepting retirement does not, however, render the retirement involuntary. While the rule enunciated by the Court of Claims is a harsh one, this court is not free to disregard it. General Order No. 1, 1 Cl.Ct.Rules 1 (1982); *Connolly v. United States,* 1 Cl.Ct. 312, 321 n. 11 (1982). The court therefore concludes that plaintiff's claim is barred by his acceptance of retired status.

Defendant's summary judgment motion is granted and the clerk is directed to dismiss the petition.

No costs.