Geneva MAYS, Petitioner,

v.

DEPARTMENT OF TRANSPORTATION,
Respondent.

No. 93–3527.

United States Court of Appeals,
Federal Circuit.

June 23, 1994.

Stephen Z. Chertkof, Atty., Kator, Scott & Heller, of Washington, DC, argued for the petitioner. With him on the brief was Irving Kator.

John P. Sholar, Atty., Commercial Litigation Branch, Dept. of Justice, of Washington, DC, argued for the respondent. With him on the brief were Frank W. Hunger, Asst. Atty. Gen., David M. Cohen, Director and James M. Kinsella, Asst. Director.

Before RICH, MICHEL and CLEVENGER, Circuit Judges.

MICHEL, Circuit Judge.

Geneva Mays appeals the decision of the Merit Systems Protection Board (Board), Docket No. DC0752930175–I–1, which became final on August 3, 1993, 58 M.S.P.R. 448, when the Board denied review of the initial decision issued March 26, 1993. The Board dismissed Mays' appeal of her removal by the Department of Transportation (agency) for lack of jurisdiction because Mays' removal and retirement were both effective on the same date. Because the Board wrongly interpreted 5 U.S.C. § 7701(j) (Supp. V 1993), which gives the Board jurisdiction over "any case involving a removal" without regard to an individual's retirement status, we reverse and remand.

BACKGROUND

On October 7, 1992, the agency proposed that Mays be removed from her position as an Equal Employment Specialist at the Unit-

ed States Coast Guard Headquarters in Washington, D.C. for unacceptable performance. Mays submitted both a written and an oral response to the proposed adverse action. On December 1, 1992, the agency informed Mays by letter that "you will be removed from your position effective the close of business 4 December 1992." The decision letter set forth Mays' appeal rights and referred her to Candide Cavanagh, a personnel specialist with the agency, for guidance concerning retirement. An SF–50 form, Notification of Personnel Action, was enclosed with the decision letter. The form indicated that the removal was approved on December 1, 1992 and effective on December 4, 1992.

Mays met twice with Cavanagh on December 2, 1992. At the first meeting Mays submitted retirement forms to Cavanagh. At the second meeting Cavanagh explained the retirement annuities that Mays would receive. Mays and Cavanagh next met on December 4, 1992 to review the retirement forms completed by Cavanagh so that Mays could verify and sign the forms. Cavanagh had entered "12–04–92" in the box titled "Date of Final Separation" on Mays' Application for Immediate Retirement. Mays questioned the entry "Retirement–ILIA" made by Cavanagh on the SF–50 form providing notification of the retirement. Cavanagh explained the entry meant "retirement in lieu of involuntary action" and the entry was made so that Mays could appeal the removal action. The remarks portion of the SF–50 read: "Reason for retirement: No reason given. Agency Finding: Retired after receiving written notice on 12–01–92 of decision to separate for unacceptable performance." On December 21, 1992, Cavanagh reminded Mays that the deadline for filing an appeal of the removal action was December 24, 1992.

Mays filed a timely appeal on December 18, 1992. The Administrative Judge (AJ) raised the issue of Board jurisdiction *sua sponte* based on *Drumheller v. Department of Army,* 55 M.S.P.R. 441 (1992), which holds that an employee does not have an appeal

right when her retirement is effective on or before the effective date of the adverse action. *Accord Willis v. Dep't of Air Force,* 56 M.S.P.R. 433, 437 (1993). According to the AJ, Mays' retirement divested the Board of jurisdiction over her appeal of the removal action unless she could establish that her retirement was involuntary.

Mays alleged before the AJ that her retirement was involuntary because the agency misled her regarding her appeal rights after retirement and she relied on that information as required by *Scharf v. Air Force,* 710 F.2d 1572, 1575 (Fed.Cir.1983). First, the AJ determined that the agency had provided misinformation to Mays, and the information would have misled a reasonable person to believe that she had a right to retire and appeal the removal. However, the AJ then found that Mays had not materially relied on the misinformation because she initiated the retirement process on December 2, 1992, two days before Cavanagh's first statement regarding her appeal rights.

The AJ concluded that because Mays' retirement was voluntary and, because the agency did not have a duty to inform her of the consequences of her retirement, the Board lacked jurisdiction over the removal action. That decision became final when the full Board denied review. Mays appealed the question of the Board's jurisdiction to this court. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9) (1988) and 5 U.S.C. § 7703(b)(1) (1988).

## STANDARD OF REVIEW

■ This court must affirm a decision of the Board unless it determines that the decision is (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without following the procedures required by law, rule, or regulation; or (3) unsupported by substantial evidence. 5 U.S.C. § 7703(c) (1988).

## ANALYSIS

5 U.S.C. § 7701(j) [1] states:

---

**1.** This statute was enacted in 1990 as part of the Civil Service Due Process Amendments, Pub.L.

No. 101–376, § 3, 104 Stat. 461, 462–63 (1990).

In determining the appealability under this section of any case involving a removal from the service (other than the removal of a reemployed annuitant), neither an individual's status under any retirement system established by or under Federal statute nor any election made by such individual under any such system may be taken into account.

In *Drumheller* the Board interpreted section 7701(j) to allow an appeal of a removal action only when an employee retires after the removal is effective. The Board held that it does not have jurisdiction over an appeal, like that of Mays, in which an employee's retirement is effective on or before the date on which the removal is scheduled to occur. *Drumheller*, 55 M.S.P.R. at 444. The Board reasoned that when an employee retires on or before the effective date of the removal, the removal cannot be appealed because it never occurred. *Id.* According to the Board, the *Drumheller* appellant retired on the scheduled effective date of her removal and, therefore, was actually separated by retirement. *Id.* In this case, the AJ concluded that based on the interpretation of 5 U.S.C. § 7701(j) in *Drumheller*, Mays' retirement divested the Board of jurisdiction.

■ The government argues that the *Drumheller* rationale is correct because when an employee voluntarily retires on or before the effective date of removal, her removal action is "uneffectuated" and only proposed. Although the Board clearly has jurisdiction over removals, 5 U.S.C. § 4303(e) (1988), its jurisdiction does not extend to proposed removals. *Cruz v. Dep't of Navy*, 934 F.2d 1240, 1243 (Fed.Cir.1991) (in banc). The government further asserts that this longstanding limitation upon the Board's jurisdiction must be overturned clearly and expressly by the applicable legislation, which was not done here. *See Midlantic Nat'l Bank v. New Jersey Dep't of Envtl. Protection*, 474 U.S. 494, 501, 106 S.Ct. 755, 759, 88 L.Ed.2d 859 (1986) ("The normal rule of statutory construction is that if Congress intends for legislation to change the interpretation of a judicially created concept, it makes that intent specific."). In support, the government emphasizes that section 7701(j) ad-dresses "removals" rather than proposed removals.

The government cites the Report of the House Post Office and Civil Service Committee pertaining to section 7701(j) which states that the section "protects the appellate rights of employees who retire during the pendency of their disputes." H.R.Rep. No. 328, 101st Cong., 2d Sess. 2 (1990), *reprinted in* 1990 U.S.C.C.A.N. 695, 696. According to the government, the sole purpose of section 7701(j) is to overturn Court of Claims precedent holding that an employee's retirement after the effective date of the agency action mooted any appeal of that action. *See Taylor v. United States*, 219 Ct.Cl. 86, 591 F.2d 688 (1979); *Kestner v. Dep't of Interior*, 229 Ct.Cl. 772, 1982 WL 25954 (1982).

Thus, the government contends that where there has been no "effectuated" removal because the employee voluntarily retires on or before the date her proposed removal is effective, section 7701(j) is not implicated. According to the government, Mays' case is different than one in which the employee retires after removal because Mays' "separation from service occurs *not* because of the proposed action, but because of her own intervening voluntary retirement."

■ The plain language of section 7701(j) means that retirement status cannot be taken into account in determining the appealability of "any case involving a removal." Thus, the issue presented here is whether Mays has a case "involving a removal" as that phrase is used in section 7701(j). For the several reasons discussed below, we hold that section 7701(j) does apply to Mays' case and gives the Board jurisdiction over her removal.

First, Mays' removal was not a proposed removal as that term is used in *Cruz*. The Navy sent Cruz a Notice of Proposed Removal on January 29, 1988. The notice set forth Cruz's right to respond and stated that the proposed removal action, "if found warranted," would not be taken before 30 days had passed and Cruz had received a final decision letter. On February 16, 1988, Cruz resigned effective March 1, 1988. The Navy informed Cruz that his resignation precluded

issuance of a final removal decision, but at Cruz's request, processed his resignation. *Cruz,* 934 F.2d at 1241. This court concluded that the sole agency action pertinent to Cruz's appeal to the Board was the agency's January 28 notification of the proposal to remove him. *Id.* at 1243. We stated, "[b]ecause mere proposals to remove are not listed in [5 U.S.C.] § 7512, they are not appealable adverse actions in themselves and the Board has no jurisdiction over them." *Id.* Cruz's voluntary resignation "resulted in the agency's taking no action at all, much less an appealable action, on the proposed removal." *Id.* at 1244.

In contrast to *Cruz,* where the agency never issued a final decision as to whether Cruz's removal was warranted, on December 1, 1992, the Department of Transportation notified Mays that she would be terminated effective December 4, 1992. The agency made a final decision and took action when it issued the decision letter and the SF–50 Notification of Personnel Action form. Her removal was no longer "proposed" in the normal sense of the word or as that word is used in *Cruz.* Therefore, that case does not prohibit a conclusion that the Board has jurisdiction here.

Secondly, Mays cannot escape the final agency decision to remove her, making this a "case involving a removal." By the government's own admission, Mays' official personnel file contains the December 4, 1992 SF–50 indicating "Retirement–ILIA" and stating in the remarks section, "[r]etired after receiving written notice on 12–01–92 of decision to separate for unacceptable performance." Moreover, the agency does not dispute that Mays would not have retired when she did if it had not been for the removal action.

Thirdly, when the statute states that neither "status" nor any "election" regarding retirement may be taken into account, it does not make any distinction depending on when the retirement status becomes effective. The statute says nothing about pre- or post-removal retirement.

Moreover, the legislative history supports a conclusion of Board jurisdiction. Congress intended to end the situation which forced federal employees to choose between appealing a removal action and accepting retirement benefits. The House Committee Report supports the contention that an employee should be able to retire and appeal a removal:

> Simply put, the bill allows an employee who is eligible to retire but who the agency wants to fire to take his or her annuity and still challenge the adverse action before the Merit Systems Protection Board.

H.R.Rep. No. 328, 6, *reprinted in* 1990 U.S.C.C.A.N. at 700. While this rather broad language should not be read as being inconsistent with the principles concerning proposed removals enunciated in *Cruz,* it certainly supports the proposition that pursuant to section 7701(j), an employee, stigmatized with an adverse final decision reflected in her government employment record, may challenge the final removal decision while also opting to retire.

The legislative history cited by the government does not support a different interpretation. Moreover, the government has not cited, and neither have we found, any legislative history referring to the *Taylor* and *Kestner* cases. Therefore, we see no reason to accept the government's argument that section 7701(j) should be limited to overturning those cases and not extended to Mays' situation involving a removal and retirement effective on the same day.

"Statutes should be interpreted to avoid untenable distinctions and unreasonable results whenever possible." *American Tobacco Co. v. Patterson,* 456 U.S. 63, 71, 102 S.Ct. 1534, 1538, 71 L.Ed.2d 748 (1982). We see no principled reason for distinguishing between Mays and an employee whose personnel officer wrote "December 5, 1992" as the effective date of retirement.

Furthermore, the appellant in *Drumheller,* who retired under the discontinued service provision of 5 U.S.C. § 8336(d), was allowed to appeal her removal because she could not have retired but for the removal. The Board found that the appellant's retirement was based on the discontinued service provisions

of 5 U.S.C. § 8336(d),[2] and, in the absence of her involuntary separation, the appellant would not have been eligible to retire because she lacked the necessary years of service to qualify for voluntary retirement under 5 U.S.C. § 8336(a).[3] Because the appellant could not have retired but for her removal, the Board held that the appellant's retirement did not divest the Board of jurisdiction over her removal. *Drumheller*, 55 M.S.P.R. at 445. The only difference between Mays and the *Drumheller* appellant is that Mays is older and has more years-of-service so that she may retire under 5 U.S.C. § 8336(a). Certainly, this is not a principled reason to deny Mays the appeal rights which were awarded to the *Drumheller* appellant.

## CONCLUSION

We find no basis in 5 U.S.C. § 7701(j) or its legislative history for making the distinction found by the Board in *Drumheller* between employees whose retirement is effective after their removal and those whose retirement is effective the same day as their removal. To the extent that *Drumheller* holds otherwise, we disagree with it.

As indicated in her personnel file, Geneva Mays filed an application to retire after learning that the agency had made the final decision to remove her effective December 4, 1992. Therefore, this is a "case involving a removal" and the Board has jurisdiction under section 7701(j). For this reason, we reverse the decision of the Board dismissing Mays' appeal of the removal action for lack of jurisdiction and remand for further proceedings.

*REVERSED AND REMANDED.*

## COSTS

Each party shall bear its own costs.

---

**2.** 5 U.S.C. § 8336(d) states:

An employee who—

(1) is separated from the service involuntarily, except by removal for cause on charges of misconduct or delinquency ... after completing 25 years of service or after becoming 50 years of age and completing 20 years of service is entitled to an annuity.

**3.** 5 U.S.C. § 8336(a) states:

An employee who is separated from the service after becoming 55 years of age and completing 30 years of service is entitled to an annuity.