79 F.3d 1166
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Jerry A. MOORE, Petitioner,
v.
ENVIRONMENTAL PROTECTION AGENCY, Respondent.
 No. 96-3059.
 United States Court of Appeals, Federal Circuit.
 March 7, 1996.
 
 Before NEWMAN, SCHALL, and BRYSON, Circuit Judges.
 PER CURIAM.
 
 DECISION
 
 1
 Jerry A. Moore petitions for review of the November 9, 1995, final order of the Merit Systems Protection Board, Docket No. DC-0752-95-0506-I-1, dismissing his appeal for lack of jurisdiction. We affirm.
 
 BACKGROUND
 
 2
 Moore was employed in the Office of Health and Environmental Development of the Environmental Protection Agency ("EPA"). In the fall of 1992, the EPA began a reorganization that included abolition of Moore's position. Rather than be reassigned to another component, Moore advised his supervisor that he wanted to retire. He sought a "discontinued service retirement," which would allow him to receive his retirement withholdings in a lump sum. Moore wanted a lump sum payment because he was at that time the subject of a criminal investigation and needed to pay his legal expenses and provide for his family in the event of his incarceration.
 
 
 3
 To assist Moore in obtaining a discontinued service retirement, the agency in February 1993 assigned him to a position from which he would be eligible for that benefit. In March of 1993, however, Moore was indicted by a federal grand jury on charges that included bank fraud, filing false income tax returns, and money laundering. The agency subsequently decided not to take the steps that would be necessary for Moore to obtain a discontinued service retirement. In June 1993, Moore was convicted and sentenced to five years' imprisonment. Two days after his sentencing, Moore resigned from his position with the EPA.
 
 
 4
 In May of 1995, Moore appealed to the Merit Systems Protection Board, stating that his resignation was involuntary and thus constituted an adverse personnel action. The administrative judge dismissed the appeal for lack of jurisdiction because Moore had failed to make a nonfrivolous allegation that his resignation was involuntary. The Board denied Moore's petition for review, and this appeal followed.
 
 DISCUSSION
 
 5
 An employee's resignation or retirement is presumed to be voluntary, and thus outside the Board's jurisdiction, unless the employee can prove that the circumstances of his retirement or resignation rendered it involuntary. Covington v. Department of Health and Human Services, 750 F.2d 937, 941 (Fed.Cir.1984).
 
 
 6
 Moore alleges that his resignation was involuntary because it was the product of agency coercion, deceit, and misrepresentation. According to Moore, it was not his personal situation but rather the EPA's denial of a discontinued service retirement that caused him to resign. The administrative judge, however, concluded that Moore failed to make a nonfrivolous allegation that the agency obtained his resignation through coercion, deceit, or misrepresentation, and we agree.
 
 
 7
 Moore would have preferred to leave the agency through a discontinued service retirement, and he was no doubt disappointed when the agency decided not to make that option available to him. When he learned that the agency would not allow him to take discontinued service retirement, Moore chose to resign. The fact that the choice was not to his liking, however, did not render it involuntary. It is well settled that "the fact that an employee is faced with an unpleasant situation or has to chose between two unpleasant alternatives does not make the resulting action involuntary unless there is deception, coercion, duress, time pressure or intimidation." Taylor v. United States, 591 F.2d 688, 692 (Ct.Cl.1979). His assertion that the agency mistreated him by refusing to take the steps necessary to make him eligible for a discontinued service retirement does not constitute evidence of coercion or deception that rendered his resignation involuntary. The Board was therefore correct in holding that it lacked jurisdiction over Moore's appeal.