Robert L. CARPENTER, and James H. Miller, Jr., and Frederick L. Isabella, and George E. Wyant, and Thomas A. Mansmann, Petitioners,

v.

MERIT SYSTEMS PROTECTION BOARD, Respondent,

and

United States Postal Service, Intervenor.

Nos. 95–3643, 95–3693, 95–3668, 95–3761, 95–3692.

United States Court of Appeals, Federal Circuit.

April 8, 1997.

Stuart A. Abramson, Sea Cliff, NY, argued, for petitioners.

Sara B. Rearden, Merit Systems Protection Board, Washington, DC, argued, for respondent. With her on the brief were Mary L. Jennings, General Counsel, and Martha B. Schneider, Assistant General Counsel.

Brian M. Reimer, Legal Policy, U.S. Postal Service, Washington, DC, argued, for intervenor. With him on the brief was R. Andrew German, Managing Counsel. Also with him on the brief were Frank W. Hunger, Assistant Attorney General, and David M. Cohen, Director, Commercial Litigation Branch, Civil Division, Department of Justice, of Washington, DC.

Before NEWMAN, RADER, and BRYSON, Circuit Judges.

BRYSON, Circuit Judge.

In this consolidated case, five former Postal Service employees petition for review of decisions of the Merit Systems Protection Board dismissing each of their appeals as untimely filed. We hold that one of the employees—James H. Miller, Jr.—offered sufficient evidence to require further consideration of whether he showed good cause for his untimely appeal. We therefore vacate the Board's dismissal of his appeal and remand Miller's case to the Board for further proceedings. With respect to the other petitioners, we hold that the Board did not abuse its discretion in ruling that they failed to show good cause for the delay in filing their appeals. We therefore affirm the Board's dismissal of the appeals of the four petitioners other than Miller.

I

In 1992 and 1993, as part of a major reorganization, the Postal Service offered a retirement package to many of its employees. The reorganization has been the subject of several opinions from this court and is described in *Krizman v. Merit Systems Protection Board*, 77 F.3d 434, 435–36 (Fed.Cir. 1996). Each of the petitioners in this case was eligible for the Postal Service's offer, and each accepted the offer and retired.

Nearly two years after retiring, each petitioner filed an appeal with the Merit Systems Protection Board challenging his retirement as involuntary and unlawful. At the time the petitioners retired, an appeal from an adverse action had to be filed within 20 days. *See* 5 C.F.R. § 1201.22(b) (1992). The petitioners' appeals were therefore all substantially out-of-time. In light of the untimeliness of the appeals, the administrative judge issued a show-cause order requiring the petitioners to show good cause for their filing delays.

The petitioners responded that they had put the Postal Service on notice that they regarded their retirements as involuntary, and that the Postal Service therefore had a duty to advise them of their right to appeal to the Merit Systems Protection Board. Because the Postal Service did not advise them of their appeal rights, the petitioners contended that there was good cause for their failure to file their appeals within the 20–day appeal period.

The administrative judge ruled that none of the petitioners had provided a good reason for the delay in filing, because none of the conduct on which the petitioners relied was sufficient to put the Postal Service on notice that the petitioners regarded their retirements as involuntary. For that reason, he held, the Postal Service was not required to inform the petitioners of their right to appeal to the Merit Systems Protection Board. Because the Postal Service had not breached any duty of advisement owed to any of the petitioners, the administrative judge concluded that none of the petitioners had shown good cause for the untimely filing of his appeal. The administrative judge therefore dismissed each of the appeals, and the full Board denied review.

II

If an appeal from an adverse agency action is not filed within the period provided by regulation, the appeal will be dismissed unless "a good reason for the delay is shown." 5 C.F.R. § 1201.22(c). The MSPB has held that "[a]s a general matter, an agency's failure to notify an employee of his or her Board appeal rights under circumstances requiring it to do so will justify a waiver of the filing deadline." *Gingrich v. United States Postal Serv.*, 67 M.S.P.R. 583, 587 (1995); *see Shiflett v. United States Postal Serv.*, 839 F.2d 669, 674 (Fed.Cir.1988). The question in this case is whether the Postal Service was required to advise any of the petitioners of their right to appeal, so as to excuse the untimeliness of their filings.

A retirement is presumed to be voluntary, and an employee who retires has no right to appeal to the Merit Systems Protection Board unless the retirement is found to be involuntary. *Mueller v. United States Postal Serv.*, 76 F.3d 1198, 1201 (Fed. Cir.1996). Because an agency normally has no way of knowing that a retiring employee considers his separation involuntary, the agency ordinarily has no obligation to notify a retiring employee of his right to appeal to

the Board unless the employee puts the agency on notice that he views his resignation as involuntary. *Id.* If the employee notifies the agency that he considers his retirement to be involuntary, however, the agency is required to advise the employee of his right to appeal to the MSPB. *See Clark v. United States Postal Serv.,* 989 F.2d 1164, 1169 (Fed.Cir.1993); *McCormack v. United States,* 204 Ct.Cl. 371, 381 (1974); *Taylor v. United States Postal Serv.,* 73 M.S.P.R. 67, 71 (1997); *Gingrich v. United States Postal Serv.,* 67 M.S.P.R. at 587; *Nicoletti v. Department of Justice,* 55 M.S.P.R. 557, 560 (1992).

■ After their retirements, each of the petitioners filed an application for unemployment compensation with the Pennsylvania Department of Labor and Industry. Hearings were held on each petitioner's application for unemployment benefits, and the petitioners contend that they notified representatives of the Postal Service at their unemployment compensation hearings that they believed their retirements were involuntary. In addition, petitioners Frederick L. Isabella and George E. Wyant joined two equal employment opportunity complaints filed on behalf of retired postmasters; they argue that their act of joining those complaints placed the Postal Service on notice that they believed their retirements were involuntary. Once the Postal Service was notified that they regarded their retirements as involuntary, the petitioners argue, the agency was obligated to advise them of their right to appeal to the Board, and the agency's failure to do so constitutes good cause for the untimeliness of their appeals. We disagree.

The administrative judge found that the petitioners' unemployment applications did not put the Postal Service on notice that they regarded their retirements as involuntary. None of the petitioners points to any statement in his unemployment application that would justify upsetting that finding. Instead, the petitioners focus on the unemployment hearings, at which the Postal Service was represented. The petitioners concede, however, that the unemployment hearings all took place more than 20 days after their retirements. By that time, each petitioner's right to appeal from his retirement had already expired. Likewise, the statements made in the equal employment opportunity proceedings on which Isabella and Wyant rely were not made until long after the expiration of the 20–day appeal period.

Because the petitioners' appeals were already out-of-time, the Postal Service's failure to advise the petitioners of their appeal rights following the unemployment hearings and the statements made in the course of the equal employment opportunity proceedings did not cause the petitioners to file their appeals late. Thus, even if statements made by or on behalf of the petitioners at the unemployment hearings and in the equal employment opportunity proceedings were sufficient to constitute assertions that their retirements were involuntary, we hold that the Board did not abuse its discretion in ruling that those statements failed to establish good cause for the petitioners' delay in filing their appeals. *See Clark v. United States Postal Serv.,* 989 F.2d at 1170.

### III

■ Unlike the other petitioners, Miller offered evidence that he advised the agency before he retired that he regarded his retirement as being forced upon him. In an affirmation filed with the administrative judge, Miller stated: "Prior to my retirement, I spoke with Vic Kahler, my immediate supervisor and advised him that I was not happy with the decision to retire and I believed that I was being forced to retire because an appropriate position was not being made available to me." The administrative judge appears to have overlooked that evidence; the judge did not advert to that evidence in analyzing Miller's good cause showing, and in fact the judge stated that the only evidence Miller offered on the good cause issue was evidence relating to the Pennsylvania unemployment compensation proceedings.

The MSPB and the Postal Service argue that Miller's deposition testimony contradicts his affirmation with respect to his pre-retirement conversation with his supervisor, and that his affirmation statement must be disregarded. We have examined Miller's deposi-

tion testimony, however, and we do not find that it contradicts Miller's affirmation. The relevant questions and answers from the deposition are as follows:

Q. [By the Postal Service's attorney] Did you discuss your decision to retire with anyone?

A. [By Miller] I discussed it with my kids. I talked to my boss briefly, but my discussion was mostly with my kids. I didn't talk to anyone down here at the post office.

Q. You said with your boss briefly?

A. Yes, briefly. The day I went out to retire, I told him was

retiring.

Q. And who was your boss?

A. Vic Kahler.

In his deposition, Miller was not asked about the contents of his conversation with his supervisor. In particular, he was not asked, and he did not say, whether he told his supervisor that he believed he was being forced to retire. The MSPB contends that if Miller believed his retirement was involuntary, he should have volunteered that information at his deposition. We find that position untenable. Miller had no obligation to volunteer that information when no question eliciting that information was asked. Thus, the absence of deposition evidence regarding the contents of Miller's conversation with Kahler does not contradict the statement Miller later made in his affirmation regarding the conversation.

■ To be sure, even if Miller is found to have good cause for his untimely appeal, he may not be able to establish that his retirement was involuntary. According to Miller's affirmation, he told his supervisor that he believed he was being forced to retire "because an appropriate position was not being made available to me." It is well established that an employee's dissatisfaction with the options that an agency has made available to him is not sufficient to render his decision to resign or retire involuntary. *See Mueller*, 76 F.3d at 1202–03; *Taylor v. United States*, 219 Ct.Cl. 86, 591 F.2d 688, 692 (1979) ("the

fact that an employee is faced with an unpleasant situation or has to choose between two unpleasant alternatives does not make the resulting action involuntary unless there is deception, coercion, duress, time pressure or intimidation"). Regardless of whether Miller's retirement might ultimately be found to be voluntary, however, the issue before the administrative judge was whether Miller had made a prima facie showing of good cause for the delay in filing his appeal. And that issue, as we have noted, turns on whether Miller notified his agency that he considered his retirement to be involuntary.

Miller's affirmation statement is sufficient to constitute a prima facie showing that he informed his agency that he regarded his retirement as involuntary. On remand, the agency may, if it wishes, contest Miller's assertion that he told his supervisor he believed he was being forced to retire. If the Board concludes that Miller put the agency on notice that he regarded his retirement as involuntary, however, that finding will settle the issue of good cause in Miller's favor (there being no dispute that the agency did not advise Miller of his right to appeal to the MSPB), and the Board may then turn to the question whether his retirement was involuntary.

We therefore vacate the Board's order dismissing Miller's appeal as untimely and remand his case to the Board for further proceedings on the question whether Miller established good cause for the belated filing of his appeal. In each of the other cases, we uphold the orders of the Board dismissing the petitioners' appeals.

*AFFIRMED* (Nos. 95–3643, 95–3692, 95–3693, and 95–3761);

*VACATED AND REMANDED* (No. 95–3668).