Brian WATSON, Appellant,

v.

**DISTRICT OF COLUMBIA WATER AND SEWER AUTHORITY and Office of Employee Appeals, Appellees.**

No. 06–CV–232.

District of Columbia Court of Appeals.

Submitted April 5, 2007.

Decided May 17, 2007.

**904**

David A. Branch, was on the brief for appellant.

Robert G. Ames, Brian M. Hudson, and Lesley A. Pate, Washington, DC, were on the brief, for the appellees.

Before THOMPSON, Associate Judge, and BELSON and KING, Senior Judges.

THOMPSON, Associate Judge:

Appellant Brian Watson seeks review of a Superior Court decision dismissing his complaint on the ground that it was time-barred. We affirm.

Appellant is a former employee of the District of Columbia Water and Sewer Authority (WASA). On January 9, 2002, appellant tendered his resignation to WASA, to be effective on January 10, 2002. WASA accepted and processed the resignation. Within a few days after resigning, appellant attempted to rescind the resignation, but WASA refused to reinstate him. On May 22, 2003—over sixteen months later—appellant filed a Petition for Appeal with the District of Columbia Office of Employee Appeals (OEA), claiming that he had resigned because of workplace harassment and mistreatment,[1] and alleging that WASA "abuse[d] ... its discretionary authority" in refusing to give him his job back. He sought reinstatement with seniority and back pay.

On August 30, 2004, OEA dismissed the petition for lack of jurisdiction, explaining that because WASA established its own personnel grievance process in 1997 (with final decisions appealable to the Superior Court), WASA and its employees are not covered by the provisions of the Comprehensive Merit Personnel Act (see, e.g., D.C.Code § 1–606.03) that provide for appeals to OEA by District employees who have lost their jobs.[2] Thereafter, on September 29, 2004, appellant filed a Petition for Review of Agency Decision in the Superior Court, asking the court to conduct a hearing on the merits, to remand the case to OEA for a hearing on the merits, or "[i]f Plaintiff has chosen an incorrect forum,

---

1. The record indicates that appellant, who worked as a meter reader, claimed that he was the subject of unwarranted disciplinary action for tardiness and non-completion of assignments, and that he did not file a grievance related to that discipline.

2. The OEA decision pointed out that WASA employees may appeal certain reductions-in-force to OEA (see 21 DCMR § 5207.23), but that this exception was not relevant in appellant's case.

... to transfer the case to the appropriate forum."

The Superior Court upheld the OEA ruling, agreeing that OEA lacked jurisdiction to handle the appeal. The court also rejected appellant's request that the court "permit him to pursue his remedy in the correct forum with an opportunity to be heard." The court reasoned:

D.C.Codes 2–223.03 and 2–1403.16 provide the time limits within which a private action may be filed in Superior Court. In both, the statute requires the action to be filed within one (1) year of the alleged violation or one (1) year after the employee first becomes aware of the violation. In this case, petitioner is clearly time-barred from filing a claim. The brief filed by petitioner indicates he was aware of alleged hostility and harassment by his superiors at the time of the submission of his resignation. Armed with this knowledge, the statute required him to file the action prior to, or by January 9, 2003. He did not file anything until May 22, 2003. His failure to do so is fatal to his request to pursue his claims at this time.

The court also noted that WASA rules require the agency to include in final agency decisions on disciplinary matters "a statement of the employees [sic] right to bring an action in the D.C. Superior Court seeking judicial review of the final administrative decision by the General Manager." The court found that "[b]ecause petitioner voluntarily resigned, notice by the

agency of the right to bring an action [in] Superior Court would not be required in light of the fact that the agency took no action."

■ In this appeal, appellant does not challenge the court's ruling that OEA lacked jurisdiction to resolve his grievance. He also acknowledges that his "challenge ought to have been to WASA's determination itself, and not to the OEA decision, which was substantially correct." He contends, however, that the Superior Court erred in not permitting him to proceed there with his challenge to WASA's decision not to reinstate him. He also challenges the trial court's ruling that WASA was not required to notify him of his appeal rights and argues that WASA's failure to notify him ("about how he could appeal [WASA's] decision not to reinstate him") tolled any applicable statute of limitations.[3]

Appellant's tolling argument is premised on a claim that WASA failed to follow its notice-of-appeal-rights regulation. We agree with the trial court, however, that WASA regulations did not require the agency to notify appellant of a right to bring an appeal in the Superior Court. The notice regulation on which appellant relies, 21 DCMR § 5209.8, applies only after an employee has grieved a disciplinary action pursuant to 21 DCMR § 5210 and WASA has reached a final determination on that grievance.[4] Thus, even if we were to accept appellant's argument that WASA took disciplinary action when it refused to reinstate appellant's employment

3. Appellant also argued before OEA that his late filing with that agency should be excused because of WASA's failure to inform him of his appeal rights. He argues in addition that WASA never communicated to him that it was "officially and formally rejecting his request for reinstatement."

4. See 21 DCMR § 5209.8 ("Employees may appeal disciplinary actions through the grievance process established herein. The deci-

sion of the General Manager represents the Authority's final administrative review. The notice of final agency decision shall include a statement of the employee's right to bring an action in the D.C. Superior Court seeking judicial review of the final administrative decision by the General Manager"). An employee is not entitled to grieve a "[v]oluntary action initiated by, or at the request of, the employee." 21 DCMR § 5210.2(g).

(a dubious proposition),[5] appellant's failure to initiate the grievance process within fifteen days[6] after he understood that WASA would not reinstate him is fatal to his tolling argument.

■ In further support of his argument that an action in Superior Court challenging WASA's action was not time-barred, appellant asserts that because WASA never officially gave him notice that it had reached a decision on his request to rescind his resignation, "it is not possible to state when a thirty-day deadline to file a challenge to that decision in Superior Court actually lapsed."[7] He states that a WASA manager told him that he would "look into the matter" and would contact him at the conclusion of an investigation (but never did), and argues that the date when WASA's determination was final is therefore in question. Even giving appel-

lant the full benefit of the doubt, however, it is clear that he understood that he would not be reinstated by May 22, 2003, the date when he filed his appeal to OEA. His suit in Superior Court sixteen months later, even if deemed to be a petition for review of allegedly arbitrary action by WASA rather than a petition for review of an OEA decision, plainly was untimely under any thirty-day appeal deadline.

■ Finally, appellant contends that the court erred in concluding summarily that his resignation was voluntary. On the record before us, we discern no error. Appellant states in his brief that his "challenge in this matter is *not* to the 'alleged hostility and harassment by his superiors,' rather it is to WASA's decision not to reinstate him upon his request to rescind his resignation."[8] As we said in *Wright v. District of Columbia Dep't of Employment Servs.*,

---

**5.** Appellees concede that if Watson were to show that he had been constructively discharged, his resignation might be considered a disciplinary action, but they note—correctly—that Watson makes no such argument.

**6.** *See* 21 DCMR § 5210.1 ("A grievance may be filed by any employee of the Authority, an applicant for employment or a former employee. A grievance must be filed within 15 work days of the act being grieved.").

**7.** Appellant does not state the basis for his reference to a thirty-day period within which to appeal an agency decision to the Superior Court, but we presume that he is referring to Super. Ct. Agency Rev., R. 1 ("Superior Court review of agency orders pursuant to D.C.Code 1981, Title 1, Chapter 6"), which provides that "[u]nless a different time is prescribed by statute an appeal to the Superior Court of the District of Columbia permitted by the Act, shall be obtained by filing a petition for review with the Clerk of the Civil Division, within 30 days after service of formal notice of the final decision to be reviewed or within 30 days after the decision to be reviewed becomes a final decision under applicable statute or agency rules, whichever is later."

The trial court reasoned that the one-year limitations period set out in D.C.Code § 2–223.03 or D.C.Code § 2–1403.16 was applica-

ble, but these provisions apply, respectively, to causes of action alleging retaliation for whistle-blowing or alleging unlawful discriminatory practices under the Human Rights Act. Nothing in the record explains why either would have applied in appellant's situation.

**8.** Thus, we also are not called upon to determine whether appellant could state a claim for constructive termination or some similar wrong, or whether the time for suing on such a claim has expired.

We also note that there appears to be no legal basis for a claim that WASA has a duty to reinstate an employee who voluntarily resigns. *See Settlemire v. District of Columbia Office of Employee Appeals*, 898 A.2d 902, 906 (D.C.2006) (citing analogous federal authority that "voluntary retirement, like a resignation, results in the employee's complete separation from the Federal service—a separation which, after it becomes effective, may not thereafter be revoked or withdrawn at his option") (quoting *Taylor v. United States*, 219 Ct.Cl. 86, 591 F.2d 688, 690 (1979)); *cf. Bagenstose v. District of Columbia Office of Employee Appeals*, 888 A.2d 1155, 1156 (D.C.2005) (affirming an OEA decision that it lacked jurisdiction to review employee's reduction-in-force claim because he had voluntarily retired).

560 A.2d 509, 513 (D.C.1989), "once an employee voluntarily resigns from her job, the employer's decision not to accept a subsequent withdrawal of that resignation does not transform the employee's act into an involuntary one." Accordingly, the voluntariness of appellant's decision to resign is not material in this appeal.

For the foregoing reasons, the judgment is

*Affirmed.*