**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| THOMAS HUBBERT,<br>　　　　Appellant, | DOCKET NUMBER<br>SF-0752-17-0673-I-1 |
| 　　v. | |
| DEPARTMENT OF DEFENSE,<br>　　　　Agency. | DATE: February 28, 2024 |

# THIS ORDER IS NONPRECEDENTIAL[1]

John W. Gresham, Esquire, Charlotte, North Carolina, for the appellant.

Douglas W. Frison, Esquire, APO, Armed Forces Pacific, for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

**REMAND ORDER**

The appellant has filed a petition for review of the initial decision, which affirmed his alleged removal from his School Psychologist position based on alleged misconduct. For the reasons discussed below, we GRANT the appellant's petition for review, VACATE the initial decision, and REMAND the case to the Western Regional Office for further adjudication in accordance with this Remand Order.

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

According to the evidence of record, the agency issued the appellant a notice dated February 8, 2017, informing him that he would be removed from Federal service based on alleged misconduct effective February 24, 2017. Initial Appeal File (IAF), Tab 6 at 109-11. On February 16, 2017, the appellant submitted a brief letter stating that he "hereby resign[ed]" his position and that he was retiring from Federal service. *Id.* at 106. The appellant's letter did not set forth an effective date for the resignation, but the parties apparently agreed that the effective date of the resignation would be February 24, 2017, and that the resignation would be in lieu of the removal action. *Id.* at 108. The appellant later requested an extension of his resignation date to March 1, 2017, which the agency granted. *Id.* The Standard Form 50 documenting the appellant's separation from the agency states that he resigned his position effective March 1, 2017, because of "personal issues." *Id.* at 25.

The Board retains jurisdiction over an appeal when an employee retires when faced with an agency's final decision to remove him. 5 U.S.C. § 7701(j); *Mays v. Department of Transportation*, 27 F.3d 1577, 1579-80 (Fed. Cir. 1994); *Krawchuk v. Department of Veterans Affairs*, 94 M.S.P.R. 641, ¶ 6 (2003). The administrative judge appears to have relied on the appellant's representation that he intended to retire to invoke 5 U.S.C. § 7701(j) and adjudicate this appeal as a removal appeal. IAF, Tab 19, Initial Decision at 3. However, there is no evidence of record showing that the appellant actually retired. In particular, there is no document in the record indicating that the appellant retired, and no testimony was proffered at the hearing to show that he retired.

Because the evidence of record appeared to show that the appellant resigned rather than retired, the Clerk of the Board issued a order directing the parties to submit evidence and argument on the question of whether the appellant resigned or retired. Petition for Review (PFR) File, Tab 6. In response, both parties stated that the appellant resigned his position. PFR File, Tabs 7-8.

When an employee resigns rather than retires, section 7701(j) does not apply. *Baldwin v. Department of Veterans Affairs*, 111 M.S.P.R. 586, ¶ 41 (2009). In such a case, the Board has jurisdiction over the appeal only if the appellant can prove that his resignation was involuntary due to coercion, duress, or circumstances that may constitute intolerable working conditions. *Id.* In contrast to an adverse action, such as a removal action taken under 5 U.S.C. chapter 75, a decision to resign is presumed to be a voluntary act outside the Board's jurisdiction, and the appellant bears the burden of showing by preponderant evidence that his resignation was involuntary and therefore tantamount to a forced removal. *Baldwin*, 111 M.S.P.R. 586, ¶ 15 (citing *Garcia v. Department of Homeland Security*, 437 F.3d 1322, 1329-30 (Fed. Cir. 2006)). Because the appellant resigned his position, the administrative judge erred by adjudicating this appeal as if it were a removal appeal within the Board's jurisdiction. Accordingly, a remand is necessary.

## ORDER

For the reasons discussed above, we remand this case to the Western Regional Office. On remand, the administrative judge shall afford the appellant notice of his burdens and elements of proof in an involuntary resignation case consistent with the requirements set forth in *Burgess v. Merit Systems Protection Board*, 758 F.2d 641, 643-44 (Fed. Cir. 1985), determine whether the Board has

jurisdiction over this appeal, and conduct such further adjudication as may be necessary in accordance with this Remand Order.


FOR THE BOARD:                          *Gina K. Grippando*
                                        _____
                                        Gina K. Grippando
                                        Clerk of the Board

Washington, D.C.