# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

STANLEY A. MUNGARAY,

      Appellant,

      v.

DEPARTMENT OF HOMELAND
  SECURITY,

      Agency.

DOCKET NUMBER
DC-0752-15-0622-I-1

DATE: June 9, 2016

# THIS ORDER IS NONPRECEDENTIAL[*]

Joseph E. Benitez, Coral Gables, Florida, for the appellant.

James L. Attanasio and Tobias J. Weyer, Washington, D.C., for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## REMAND ORDER

¶1     The appellant has filed a petition for review of the initial decision, which dismissed his appeal for lack of jurisdiction. For the reasons discussed below, we GRANT the appellant's petition for review, VACATE the initial decision, and

---

[*] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

REMAND the appeal to the regional office for a hearing on the merits of the agency's removal decision in accordance with this Order.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶2        On November 18, 2014, the agency proposed to remove the appellant from a Customs and Border Patrol International Officer position for misconduct. Initial Appeal File (IAF), Tab 6 at 23-26. On February 25, 2015, the appellant submitted an application for immediate retirement, requesting that his retirement be effective on March 17, 2015. *Id*. at 21-22. On March 17, 2015, the agency issued a decision removing the appellant from Federal service effective upon his receipt of the letter. *Id*. at 17-20. The decision is signed by the deciding official, and the appellant acknowledged his receipt of the decision on March 17, 2015. *Id.* at 20. The agency generated a Standard Form 50 documenting his separation from service as a voluntary retirement effective March 17, 2015. *Id.* at 16.

¶3        The appellant filed an appeal alleging that the removal action had been taken in retaliation for protected disclosures. IAF, Tab 1 at 11-12. The administrative judge issued an acknowledgment order that explained the standard for establishing the Board's jurisdiction over an involuntary retirement and ordered the appellant to file evidence and argument establishing the Board's jurisdiction over the appeal. IAF, Tab 2 at 2-3. The appellant did not respond to this order, and the administrative judge issued an initial decision, without holding a hearing, finding that the appellant had not established the Board's jurisdiction over his appeal because he had not alleged that his retirement was involuntary. IAF, Tab 7, Initial Decision (ID).

¶4        The appellant has filed a petition for review contesting the merits of the agency's removal action. Petition for Review (PFR) File, Tab 1. The agency has opposed the petition for review, arguing that the appellant has not identified any new and material evidence that was not available before the record closed below and has not identified any error in the adjudication of the appeal. PFR File,

Tab 3. Based on our review of the record, we find that this appeal must be remanded for adjudication under the standards applicable to the appeal of a removal action.

¶5    A retirement is presumed to be a voluntary act and, therefore, beyond the Board's jurisdiction. *See Heining v. General Services Administration*, 68 M.S.P.R. 513, 519 (1995); *see also* 5 C.F.R. § 752.401(b)(9). However, once a decision to remove has been issued, the appellant retains the right to appeal the removal to the Board, even if he separates from Federal service through retirement on or before the date the removal would have become effective. 5 U.S.C. § 7701(j); *Mays v. Department of Transportation*, 27 F.3d 1577, 1579-81 (Fed. Cir. 1994). In such cases, the Board analyzes the appeal as a removal action. *Norton v. Department of Veterans Affairs*, 112 M.S.P.R. 248, ¶ 2 (2009).

¶6    The administrative judge analyzed the appellant's appeal as an involuntary retirement, and he dismissed it for lack of jurisdiction. ID at 5-8. However, because the agency finalized and issued its removal decision, the appeal should have been analyzed as a removal action. *See Richards v. Department of Veterans Affairs*, 74 M.S.P.R. 17, 18, 20 (1997) (remanding an appeal for adjudication as a removal action because, although the appellant applied to retire while a proposed removal was pending, the agency subsequently issued an appealable decision directing the appellant's removal). Whether the appellant's retirement was involuntary need not be addressed on remand. *Scalese v. Department of the Air Force*, 68 M.S.P.R. 247, 249 (1995).

**ORDER**

¶7    For the reasons discussed above, we remand this appeal to the regional office for further adjudication of this appeal as a removal action in accordance with this Remand Order.


FOR THE BOARD:                    _____
                                  William D. Spencer
                                  Clerk of the Board

Washington, D.C.