**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| HOWARD SIPE, | DOCKET NUMBER |
| Appellant, | DE-0752-15-0513-I-1 |
| v. | |
| DEPARTMENT OF VETERANS AFFAIRS, | DATE: August 24, 2022 |
| Agency. | |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Bonnie Brownell</u>, Esquire, and <u>Christopher Landrigan</u>, Esquire, Washington, D.C., for the appellant.

<u>Patrick A. Keen</u>, Shreveport, Louisiana, for the agency.

### BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

### FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which sustained his chapter 75 removal. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2 The appellant was employed as a GS-4 Mail Clerk. Initial Appeal File (IAF), Tab 5 at 16. The agency proposed his removal based on five charges: (1) conduct unbecoming a Federal employee due to his "loud, heated verbal altercation" on or near U.S. Postal Service property concerning parking his Government vehicle in a prohibited area; (2) lack of candor supported by two specifications due to his failure to be fully candid during a fact-finding meeting about the altercation; (3) failure to follow his supervisor's instruction not to engage in altercations; (4) privacy violation and/or failure to safeguard confidential material for mislabeling a package containing confidential patient records in violation of the agency's handbook; and (5) failure to follow certain agency procedures by failing to report a potential privacy breach within an hour of discovery of the error when the package was returned. *Id.* at 46-48. The appellant responded, stating, among other things, that he wished to retire in lieu of removal if the agency decided to remove him. *Id.* at 45. The agency issued a decision sustaining charges 1, 2, 3, and 5 and imposing the removal effective

July 2, 2015.[2] *Id.* at 17-20. On June 30, 2015, after the issuance of the removal decision and prior to its effective date, the appellant retired in lieu of removal.[3] *Id.* at 16.

¶3      The appellant filed the instant appeal challenging his removal and requested a hearing. IAF, Tab 1. After holding a videoconference hearing, the administrative judge issued an initial decision, sustaining all of the charges and affirming the agency's removal action. IAF, Tab 17, Initial Decision (ID).

## DISCUSSION OF ARGUMENTS ON REVIEW

¶4      On review, the appellant asserts that the deciding official did not consider all of the relevant mitigating factors in determining the penalty and that the administrative judge, therefore, should have independently weighed the relevant factors and mitigated to a lesser penalty. *E.g.*, Petition for Review (PFR) File, Tab 1 at 13-29, Tab 4 at 4.[4] For the reasons discussed below, we find that the administrative judge properly found that the deciding official considered the appropriate factors and reasonably exercised management discretion.

¶5      When, as here, all of the agency's charges have been sustained, the Board will review an agency-imposed penalty only to determine if the agency

---

[2] The agency did not sustain charge 4 because the deciding official found that the appellant may not have been responsible for mislabeling the package that contained the confidential information. IAF, Tab 5 at 18, 47.

[3] Although the appellant retired after the date that the agency issued the removal decision, but prior to its effective date, the Board retains jurisdiction over this removal appeal. *See* 5 U.S.C. § 7701(j); *Mays v. Department of Transportation*, 27 F.3d 1577, 1579-81 (Fed. Cir. 1994); *Tizol-Coimbre v. U.S. Postal Service*, 70 M.S.P.R. 382, 384 (1996); *cf. Jenkins v. Merit Systems Protection Board*, 911 F.3d 1370, 1373-75 (Fed. Cir. 2019) (holding that an appeal in which a removal has been cancelled and its consequences eliminated does not implicate 5 U.S.C. § 7701(j) because the case no longer involves a removal).

[4] The appellant does not appear to challenge the administrative judge's decision to sustain the charges, and we find no basis to disturb the initial decision in this regard. *See Purifoy v. Department of Veterans Affairs*, 838 F.3d 1367, 1372-73 (Fed. Cir. 2016); *Haebe v. Department of Justice*, 288 F.3d 1288, 1301 (Fed. Cir. 2002).

considered all of the relevant factors and exercised management discretion within tolerable limits of reasonableness. *Davis v. U.S. Postal Service*, 120 M.S.P.R. 457, ¶ 6 (2013). In *Douglas v. Veterans Administration*, 5 M.S.P.R. 280, 305-06 (1981), the Board articulated a nonexhaustive list of 12 factors generally recognized as relevant to determine the appropriateness of a penalty. There is, however, no requirement that these factors be applied mechanistically, formulaically, or with a ritualistic formality. *Farrell v. Department of the Interior*, 314 F.3d 584, 594 (Fed. Cir. 2002); *Chavez v. Small Business Administration*, 121 M.S.P.R. 168, ¶ 9 (2014); *Douglas*, 5 M.S.P.R. at 306.

¶6        The appellant argues that the administrative judge should not have deferred to the deciding official's consideration of the *Douglas* factors because the deciding official testified that she considered some of the factors to be "neutral" rather than mitigating in this case and that ultimately she found there were "no" mitigating factors. *E.g.*, PFR File, Tab 1 at 14, 19-24. Specifically, the appellant asserts that the following should have been considered as strong mitigating factors in his favor rather than as "neutral" or "aggravating" factors: his long tenure, his excellent performance history, his ability to get along with coworkers as evidenced by his work as a union president, the relatively "low level" (GS-4) of his position, his expression of remorse, his proactively seeking assistance on conflict management, and his medical condition. *Id.* at 15-24. We have reviewed the appellant's arguments and the record on this matter, and we find that the record clearly supports the administrative judge's finding that the deciding official considered the relevant factors in determining that the penalty of removal was reasonable. ID at 19-24; *see, e.g.*, Hearing Transcript (HT) at 100-02, 104-05, 107, 110-11, 113-15 (testimony of the deciding official); IAF, Tab 5 at 18, 25-30. For example, the deciding official stated in the decision letter that she considered the appellant's "medical issues . . . and [his] participation in an Employee Assistance program for anger management," but that she found that the penalty of removal was nonetheless reasonable in light of the seriousness of the

charges. IAF, Tab 5 at 18. Although the appellant disagrees with the weight the deciding official gave to each of the factors, the deciding official clearly considered each of them and came to the ultimate conclusion that removal was the appropriate penalty.[5]

¶7        Regarding his medical issues, the appellant asserts on review that his medical condition should have been considered in mitigating the penalty as well as regarding the administrative judge's decision to sustain the charges. PFR File, Tab 1 at 21 n.9; ID at 24. The administrative judge credited the deciding official's testimony that she considered the appellant's medical conditions in determining the penalty but did not find sufficient evidence that they would not recur. ID at 24; HT at 114-15 (testimony of the deciding official). The administrative judge further noted that the appellant's contentions regarding his medical conditions only relate to the charges of conduct unbecoming a Federal employee and failure to follow instructions and that they did not contribute to the lack of candor or failure to follow instructions charges. ID at 24. Accordingly, the appellant's argument regarding his medical condition does not provide a basis for disturbing the initial decision.

¶8        The appellant also asserts that the deciding official improperly weighed his prior disciplinary record "by inaccurately considering it to be similar to the misconduct at issue" in this appeal. PFR File, Tab 1 at 24. He asserts that, because the misconduct underlying his 10-day suspension in 2013 was not similar to that at issue in this appeal, the discipline is of little weight in determining the penalty. *Id.* (citing *Skates v. Department of the Army*, 69 M.S.P.R. 366, 369

---

[5] We find no basis for mitigating the penalty based on the deciding official's testimony recalling that the appellant had "[t]wenty-something years of service," HT at 131, when the appellant claims he should have been credited with 33 or more years of service. *E.g.*, PFR File, Tab 1 at 15-16; IAF, Tab 5 at 35, 41. The record as a whole reflects that the deciding official considered the appellant to have been "a long, tenured employee," HT at 105 (testimony of the deciding official), and we find that the additional years of service cited by the appellant are not of sufficient weight to warrant mitigating the penalty under all of the circumstances.

(1996)). The Board will generally not discount a prior disciplinary record because it is for an unrelated offense. *Lewis v. Department of the Air Force*, 51 M.S.P.R. 475, 484 (1991). However, if the nature of the prior misconduct is sufficiently different from the charges in the proposal at issue, this difference may significantly diminish the weight of that prior discipline in determining a proper penalty. *Skates*, 69 M.S.P.R. at 369.

¶9      Even if we exclude considering the 10-day suspension as prior discipline, the deciding official properly determined that the incident demonstrated the appellant's lack of rehabilitative potential. HT at 111 (testimony of the deciding official); *see Sims v. Department of Defense*, 58 M.S.P.R. 131, 137 (1993). In any event, the deciding official found that the appellant otherwise demonstrated a lack of rehabilitative potential because he minimized his involvement in one of the situations in question in contrast to others' accounts of the incident. HT at 113-14 (testimony of the deciding official). Accordingly, we find that the record otherwise demonstrates a lack of rehabilitative potential. *Sims*, 58 M.S.P.R. at 137. Further, considering the record as a whole, we find that, even if we disregard consideration of this incident, this does not provide a reason for disturbing the agency's chosen penalty.

¶10     The appellant next challenges the deciding official's having considered a letter from 2010 in which a postmaster stated that he did not want the appellant to enter the premises of a post office. PFR File, Tab 1 at 25. The appellant asserts that, even by the postmaster's account, the conduct that led him to issue this letter is not similar to the charged misconduct in this appeal. *Id.* We find, however, that the deciding official properly considered this letter in the context of the appellant's work history. *See Williams v. Department of the Army*, 102 M.S.P.R. 280, ¶ 10 (2006) (considering that the appellant's supervisor had received several complaints from other mail clerks regarding the appellant's failure to "carry[ ] his load" in assessing the reasonableness of the agency's penalty determination). Further, even if we were to disregard this letter, it would not affect our decision.

¶11     Accordingly, we affirm the initial decision because the deciding official considered the relevant *Douglas* factors and exercised her discretion within the tolerable limits of reasonableness.

## NOTICE OF APPEAL RIGHTS[6]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

---

[6] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of

discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or

other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[7] The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The

---

[7] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:          /s/ for

Jennifer Everling
Acting Clerk of the Board

Washington, D.C.