**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

ANGELA WILSON,
               Appellant,

      v.

DEPARTMENT OF LABOR,
              Agency.

DOCKET NUMBER
AT-0752-22-0515-I-1

DATE: April 9, 2024

# THIS ORDER IS NONPRECEDENTIAL[1]

Tabitha Lyles, Jacksonville, Florida, for the appellant.

Melanie Stratton, Esquire, and Monica Moukalif, Esquire, Atlanta, Georgia, for the agency.

### BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

### REMAND ORDER

The agency has filed a petition for review of the initial decision, which dismissed the appellant's appeal for lack of jurisdiction. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the agency's petition for review. However, for the reasons discussed below, we VACATE the initial decision and REMAND the case to the Atlanta Regional Office for further adjudication in accordance with this Remand Order.

## DISCUSSION OF ARGUMENTS ON REVIEW

On April 8, 2022, the agency issued a notice of proposed removal to the appellant, a GS-12 Workers' Compensation Claims Examiner, based on a charge of excessive absence. *Wilson v. Department of Labor*, MSPB Docket No. AT-0752-22-0515-I-1, Initial Appeal File (0515 IAF), Tab 6 at 216-24. After the proposal notice was issued, the appellant filed an appeal with the Board, which the administrative judge dismissed for lack of jurisdiction, finding that the appellant had prematurely filed her appeal because the agency had not yet issued a decision on the proposal notice. *Wilson v. Department of Labor*, MSPB Docket No. AT-0752-22-0350-I-1, Initial Appeal File (0350 IAF), Tab 18.

After the appellant's first appeal was dismissed, the agency issued a decision removing the appellant from Federal service effective July 5, 2022. 0515 IAF, Tab 7 at 77-82. The appellant then filed this instant appeal, attaching a copy of the proposed removal, as well as the first page of the agency's removal decision. 0515 IAF, Tab 1 at 9-18. The administrative judge issued an acknowledgment order, 0515 IAF, Tab 2, and the agency filed its response to the

appeal, confirming that it had issued a decision removing the appellant from Federal service, 0515 IAF, Tab 5 at 4, 12. The agency also included a complete copy of the agency's decision letter in its agency file. 0515 IAF, Tab 7 at 77-82. However, in the agency file, the agency also included a copy of its response to the appellant's previous appeal, MSPB Docket No. AT-0752-22-0350-I-1, which asserted that the agency had not yet issued a final decision on the proposed removal. 0515 IAF, Tab 6 at 12-26.

The administrative judge issued a show cause order, explaining that it appeared that the agency "may not yet have removed the appellant," setting forth the applicable legal standard for establishing jurisdiction, and ordering the appellant to show cause as to why the appeal should not be dismissed for lack of jurisdiction. 0515 IAF, Tab 8. Neither party responded to the show cause order, and the administrative judge dismissed the appeal, finding that the agency had not yet issued a decision on the proposed removal, and therefore, the Board lacked jurisdiction over the appeal. 0515 IAF, Tab 9, Initial Decision (ID) at 1-2.

The agency has filed a petition for review, explaining that, while it agrees with the administrative judge's decision to dismiss the appeal, his rationale was incorrect because it was based on the appellant's previous appeal, MSPB Docket No. AT-0752-22-0350-I-1. *Wilson v. Department of Labor*, MSPB Docket No. AT-0752-22-0515-I-1, Petition for Review (PFR) File, Tab 1 at 4. Therefore, the agency requests that the Board "amend" the initial decision to reflect that the agency issued a decision removing the appellant from Federal service and dismiss the appeal pursuant to the reasons the agency previously set forth.[2] *Id*. at 4-6. The appellant has not filed a response to the agency's petition for review.

An initial decision must identify all material issues of fact and law, summarize the evidence, resolve issues of credibility, and include the

---

[2] The agency has argued, among other things, that the appeal should be dismissed because removal was justified, it was not the result of discrimination, and, because the appellant had voluntarily initiated the process for disability retirement, the Board lacked jurisdiction over her "pending voluntary retirement." PFR File, Tab 1 at 5.

administrative judge's conclusions of law and his legal reasoning, as well as the authorities on which that reasoning rests. *Spithaler v. Office of Personnel Management*, 1 M.S.P.R. 587, 589 (1980). Here, it is undisputed that the agency issued a final decision removing the appellant from Federal service effective July 5, 2022. 0515 IAF, Tab 8; PFR File, Tab 1 at 5. Thus, the administrative judge erred in finding that the Board lacked jurisdiction because the agency had not yet issued a decision on its proposal notice. ID at 1-2. Accordingly, we vacate the initial decision and remand this matter for further adjudication.

On review, the agency asserts that the appellant "voluntarily initiated the process for disability retirement" and the Board lacks jurisdiction over her "pending voluntary retirement." PFR File, Tab 1 at 5. However, as stated above, there is documentation in the record establishing that the agency issued a decision removing the appellant from Federal service effective July 5, 2022. 0515 IAF, Tab 7 at 77-82. Accordingly, on remand, the administrative judge should clarify whether the appellant was removed from Federal service, or whether she retired or resigned from Federal service. If the appellant retired or resigned, then the administrative judge should provide her with notice of the applicable jurisdictional standard and an opportunity to present evidence and argument establishing Board jurisdiction over her retirement or resignation.[3]

---

[3] If the appellant has retired, the administrative judge should be cognizant that, under 5 U.S.C. § 7701(j), an individual's right to appeal her removal to the Board is not impacted by her decision to retire on or before the effective date of the removal action. *Mays v. Department of Transportation*, 27 F.3d 1577, 1579-81 (Fed. Cir. 1994); *cf. Jenkins v. Merit Systems Protection Board*, 911 F.3d 1370, 1373-75 (Fed. Cir. 2019) (holding that an appeal in which a removal has been cancelled and its consequences eliminated does not implicate 5 U.S.C. § 7701(j) because the case no longer involves a removal).

## ORDER

For the reasons discussed above, we remand this case to the Atlanta Regional Office for further adjudication in accordance with this Remand Order.

*Gina K. Grippando*

FOR THE BOARD:  _____

Gina K. Grippando
Clerk of the Board

Washington, D.C.