## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

JOSEPH L. GALINDO,
                Appellant,

      v.

DEPARTMENT OF COMMERCE,
                Agency.

DOCKET NUMBER
DC-0752-19-0057-I-1

DATE: May 13, 2024

# THIS ORDER IS NONPRECEDENTIAL[1]

Andrew Schwartz, Esquire, Los Angeles, California, for the appellant.

Christiann Burek and William T. Yon, Washington, D.C., for the agency.

## BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

## REMAND ORDER

The appellant has filed a petition for review of the initial decision, which dismissed his appeal for lack of jurisdiction. For the reasons discussed below, we GRANT the appellant's petition for review, VACATE the initial decision, and REMAND the case to the regional office for further adjudication in accordance with this Remand Order.

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

## BACKGROUND

On August 7, 2018, the agency proposed the appellant's removal from his Program Analyst position based on charges of failure to follow supervisory instructions, lack of candor, and inappropriate conduct. Initial Appeal File (IAF), Tab 5 at 34, 62. The appellant presented an oral reply to the proposal notice. *Id*. at 60. In a letter dated September 18, 2018, the deciding official sustained the removal, effective immediately. *Id*. at 35-42. After being notified of the removal decision, the appellant submitted his application for immediate retirement, and his retirement was effective September 18, 2018. *Id*. at 32-34, 42. His Standard Form 52 concerning his retirement indicated, "AGENCY FINDING: RETIRED AFTER RECEIVING WRITTEN NOTICE ON SEPTEMBER 18, 2018 OF DECISION TO SEPARATE." *Id*. at 33. In addition, his Standard Form 50 indicated that his stated reason for retirement was "TO OBTAIN RETIREMENT BENEFITS." *Id*. at 34.

On October 17, 2018, the appellant timely filed the present appeal challenging his removal and involuntary retirement. IAF, Tab 1 at 2. He claimed that the agency's actions against him constituted whistleblower reprisal and discrimination based on disability, age, race, and sex. *Id*. at 3. Without holding the requested hearing, the administrative judge issued an initial decision dismissing the appeal for lack of jurisdiction. *Id*. at 1; IAF, Tab 7, Initial Decision (ID). She found that the appellant retired and that retirements are presumed voluntary. ID at 3. She further found that his retirement was not within the Board's jurisdiction because he failed to nonfrivolously allege facts to overcome the presumption of voluntariness. ID at 3-6. She noted that the appellant could have challenged the removal action against him but chose to submit an application for immediate retirement instead. ID at 4. She therefore dismissed the appeal. ID at 6.

The appellant has filed a petition for review. Petition for Review (PFR) File, Tab 1. The agency has replied in opposition. PFR File, Tab 3.

**DISCUSSION OF ARGUMENTS ON REVIEW**

Under 5 U.S.C. § 7701(j), "an individual's status under any retirement system established by or under Federal statute . . . may [not] be taken into account" in "determining the appealability" of a removal. The Board and its reviewing court have interpreted this section as providing that, even when an employee retires on the scheduled effective date of his removal, the Board retains jurisdiction over the employee's removal appeal. *See Mays v. Department of Transportation*, 27 F.3d 1577, 1579-81 (Fed. Cir. 1994); *Taber v. Department of the Air Force*, 112 M.S.P.R. 124, ¶ 7 (2009). This is because an employee should not be forced to choose between electing to receive his retirement benefits and appealing the agency's decision to remove him. *Krawchuk v. Department of Veterans Affairs*, 94 M.S.P.R. 641, ¶ 6 (2003).

Here, it is undisputed that the appellant elected to retire after the agency rendered a final decision to remove him. IAF, Tab 1 at 5, Tab 5 at 32-34. We find, therefore, that the appellant's decision to retire after receiving the removal decision does not deprive the Board of jurisdiction to adjudicate an appeal of the removal action. *See Taber*, 112 M.S.P.R. 124, ¶ 7. Accordingly, we remand the appeal to the regional office for adjudication on the merits, including a hearing if the appellant still seeks one. On remand, the administrative judge shall adjudicate the appellant's affirmative defenses of whistleblower reprisal and discrimination based on disability, age, race, and sex. *See Krawchuk*, 94 M.S.P.R. 641, ¶ 11.

**ORDER**

For the reasons discussed above, we remand this case to the regional office for further adjudication in accordance with this Remand Order.

FOR THE BOARD:        *Gina K. Grippando*
                     _____
                     Gina K. Grippando
                     Clerk of the Board

Washington, D.C.