UNITED STATES OF AMERICA
MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| JAMES LLOYD WALKER,<br>          Appellant, | DOCKET NUMBER<br>SF-0752-22-0444-I-2 |
|      v. | |
| DEPARTMENT OF THE NAVY,<br>          Agency. | DATE: August 21, 2024 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>James Lloyd Walker</u>, Helendale, California, pro se.

<u>Emelia M. Sanchez</u>, <u>Robert Aghassi</u>, and <u>Veronica Hale</u>, Barstow, California, for the agency.

## BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member*

*Member Kerner did not participate in the adjudication of this appeal.

## FINAL ORDER

¶1     The appellant has filed a petition for review of the initial decision, which dismissed his involuntary retirement appeal for lack of jurisdiction. For the reasons discussed below, we DENY the appellant's petition for review, VACATE

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

the initial decision, and DISMISS the appeal as barred by the doctrine of res judicata.

## BACKGROUND

¶2 The agency removed the appellant, a WG-9 Painter, for physical inability to perform the duties of a painter, effective June 10, 2022. *Walker v. Department of the Navy*, SF-0752-22-0444-I-1, Initial Appeal File (0444 IAF), Tab 9 at 11. On or about June 16, 2022, the appellant applied for voluntary retirement under the Civil Service Retirement System, effective June 10, 2022. 0444 IAF, Tab 1 at 4, 20-23. On June 17, 2022, the appellant filed an appeal with the Board challenging his removal. *Walker v. Department of the Navy*, SF-0752-22-0443-I-1, Initial Appeal File, Tab 1 at 4. On June 18, 2022, the appellant filed the instant appeal, asserting an involuntary retirement claim. 0444 IAF, Tab 1 at 4. The administrative judge issued an acknowledgment order stating that because these two appeals contained "distinct claims," the parties should address each appeal separately. 0444 IAF, Tab 2 at 1.

¶3 After holding a hearing addressing both the appellant's removal and his involuntary retirement claim, the administrative judge issued a June 23, 2023 initial decision affirming the appellant's removal. *Walker v. Department of the Navy*, SF-0752-22-0443-I-2, Appeal File, Tab 49, Initial Decision (0443 ID). The appellant did not file a petition for review of the initial decision affirming his removal, which became final on July 27, 2023. 0443 ID at 37. Also on June 23, 2023, the administrative judge then issued a separate initial decision dismissing the appellant's involuntary retirement appeal for lack of jurisdiction. *Walker v. Department of the Navy*, SF-0752-22-0444-I-2, Appeal File, Tab 23, Initial Decision (0444 ID). Specifically, he found that the Board lacks jurisdiction to re-adjudicate the appellant's removal, which was the root of the appellant's involuntary retirement claim, and even if it could, the appellant had not made a nonfrivolous allegation of jurisdiction. 0444 ID at 11-14.

¶4    The appellant filed a petition for review of the initial decision dismissing his involuntary retirement claim, arguing, among other things, that the Office of Personnel Management (OPM) had approved him for discontinued service retirement, that the agency failed to provide him with reasonable accommodation, and that medical personnel made misleading statements.[2]  Petition for Review (PFR) File, Tab 2 at 4, 43-44.  The agency filed a response in opposition to the appellant's petition for review, and the appellant replied to the agency's opposition.  PFR File, Tabs 4-5.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶5    When, as here, an agency decides to remove an employee, and the employee retires on the date of the removal, the employee does not, on that account, lose the right to file a Board appeal contesting the removal.  5 U.S.C. § 7701(j); *Mays v. Department of Transportation*, 27 F.3d 1577, 1579-81 (Fed. Cir. 1994).  However, in such a case, the Board will not address whether the appellant's retirement was involuntary.  *Williams v. Department of Health & Human Services*, 112 M.S.P.R. 628, ¶ 7 (2009).  This is because, if the agency is unable

---

[2] The appellant attached documents to his petition for review, including guidance by OPM on discontinued service retirement, excerpts from the involuntary retirement initial decision, and an affidavit of an agency official.  Petition For Review (PFR) File, Tab 2 at 5-62.  Among other things, the OPM guidance explains that a discontinued service retirement can only be granted if an employee is separated against his will for reasons including, as in the instant case, a failure to meet the qualification requirements of his position.  *Id*. at 11.  The documents submitted by the appellant have no impact on the outcome of this matter, specifically, the applicability of res judicata, and therefore, we do not address them.  *See Russo v. Veterans Administration*, 3 M.S.P.R. 345, 349 (1980) (explaining that the Board will not grant a petition for review based on new evidence absent a showing that it is of sufficient weight to warrant an outcome different from that of the initial decision).  The appellant also filed motions for leave to file additional evidence related to the approval of his discontinued service retirement.  PFR File, Tabs 8-9.  The Board's regulations provide that a pleading of the sort the appellant seeks to submit will not be accepted absent a showing of the need for the pleading.  5 C.F.R. § 1201.114(a).  In light of our finding that the appellant's involuntary retirement appeal is barred by the doctrine of res judicata, the appellant has not shown the need for his additional pleading.

to support its removal action, then the appellant is entitled to all the relief he could receive if he showed that his retirement was involuntary, and therefore, the involuntary retirement claim would be moot. *Scalese v. Department of the Air Force*, 68 M.S.P.R. 247, 249 (1995). Conversely, if the agency shows that it properly decided to remove the appellant, then the appellant cannot show that his retirement was involuntary based on the threat of the removal action. *Id.* Therefore, the appellant's involuntary retirement claim should not have been adjudicated as a matter distinct from his removal. *See Fox v. Department of the Army*, 120 M.S.P.R. 529, ¶ 23 (2014); *Williams*, 112 M.S.P.R. 628, ¶ 8. However, insofar as the appellant's involuntary retirement claim was adjudicated as a separate action, it is barred by res judicata.[3]

¶6      Under the doctrine of res judicata, a valid, final judgment on the merits of an action bars a second action involving the same parties or their privies based on the same cause of action. *Peartree v. U.S. Postal Service*, 66 M.S.P.R. 332, 337 (1995). Res judicata precludes parties from relitigating issues that were, or could have been, raised in the prior action, and is applicable if:  (1) the prior judgment was rendered by a forum with competent jurisdiction; (2) the prior judgment was a final judgment on the merits; and (3) the same cause of action and the same parties or their privies were involved in both cases. *Id.*  Here, there is no dispute that the Board has jurisdiction over the appellant's removal, and that it rendered a final decision on the merits of that removal action.  0443 ID.  Further, the appellant's involuntary retirement appeal involves the same cause of action and

_____

[3] To the extent that the administrative judge dismissed the appellant's involuntary retirement claim for lack of jurisdiction on the grounds of res judicata, 0444 ID at 12, the doctrine of res judicata is not grounds upon which to dismiss an appeal for lack of jurisdiction but, rather, is a basis to dismiss an appeal over which the Board has jurisdiction, *Noble v. U.S. Postal Service*, 93 M.S.P.R. 693, ¶ 7 (2003). Here, the Board has jurisdiction over the appellant's involuntary retirement appeal because it has jurisdiction over his removal, which is the basis of his involuntary retirement claim. *See* 5 U.S.C. § 7701(j); *Mays*, 27 F.3d at 1579-81. Accordingly, the doctrine of res judicata may be applied to this matter.

the same parties as the appellant's removal appeal because the appellant's retirement is predicated on his removal.  PFR File, Tab 2 at 4, 43-44.

¶7    Stated simply, in order to adjudicate the appellant's involuntary retirement claim, the Board would have to re-adjudicate his removal.  Such action is precluded by the doctrine of res judicata.  Accordingly, we dismiss the appellant's involuntary retirement appeal as the doctrine of res judicata bars the appellant from raising such a claim.

## NOTICE OF APPEAL RIGHTS[4]

You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.  If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court

---

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file

with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012.** This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5] The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

---

[5] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                _____

*Gina K. Grippando*

Gina K. Grippando
Clerk of the Board

Washington, D.C.