**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**
**2024 MSPB 9**

Docket No. NY-831M-19-0127-I-1

**Alan Tabakman,**

**Appellant,**

**v.**

**Office of Personnel Management,**

**Agency.**

May 28, 2024

Susan Tylar, Esquire, Syosset, New York, for the appellant.

Michael Shipley, Washington, D.C., for the agency.

**BEFORE**

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

**OPINION AND ORDER**

¶1      The appellant has petitioned for review of an initial decision that affirmed the final decision of the Office of Personnel Management (OPM) finding that he had been overpaid in his retirement annuity and was not entitled to a waiver of the overpayment.  For the following reasons, we GRANT the appellant's petition for review and AFFIRM the initial decision AS MODIFIED by this Opinion and Order to find that the appellant was without fault in the creation of the overpayment and further address why collection of the overpayment would not be against equity and good conscience.  We still FIND, therefore, that the appellant is not entitled to a waiver of the overpayment.

BACKGROUND

¶2    The appellant's employing agency, the Department of the Treasury, Internal Revenue Service (IRS), removed him from his position for misconduct, effective August 23, 2013. Initial Appeal File (IAF), Tab 7 at 49. Because he was eligible to do so, the appellant elected to voluntarily retire under the Civil Service Retirement System (CSRS), *id.* at 58, 75, and he began to receive annuity payments on September 1, 2013, *id.* at 57. However, he also challenged the IRS's removal action before the Board. During the adjudication of that appeal, on June 3, 2014, the parties entered into a settlement agreement that provided, in relevant part, that the appellant's removal would be mitigated to a 75-day suspension without pay, from August 23, 2013, through November 6, 2013, followed by a period of leave without pay beginning November 7, 2013, through the day before his return to duty on June 15, 2014.[1]  *Id.* at 26-32.

¶3    The IRS notified OPM on July 16, 2014, that it had restored the appellant to its rolls and that he "will not be receiving any back pay." *Id.* at 48. On July 25, 2017, OPM advised the IRS that it had terminated the appellant's annuity payments retroactive to the date they began, September 1, 2013. *Id.* at 47. On July 31, 2017, OPM notified the appellant that he had been overpaid in the amount of $56,789.30, explaining that, as a result of the cancellation of his removal and his return to employment, his annuity should have terminated on September 1, 2013, but that, due to delay, OPM was not able to terminate his annuity until July 1, 2014. *Id.* at 37. The appellant requested reconsideration on August 25, 2017. *Id.* at 22-25. On February 27, 2019, OPM affirmed its initial decision on reconsideration as to the existence of the debt and the mathematical correctness of the amount of the overpayment, *id.* at 13, and it denied a waiver of the overpayment upon finding that the appellant was not without fault in causing

_____

[1] An addendum was signed on October 30, 2014, but it did not change the agreement in any way that affects our decision. IAF, Tab 7 at 33-34.

or contributing to the overpayment and that recovery would not be against equity and good conscience, *id.* at 14.

¶4 On appeal, the appellant asserted that he was not at fault in causing the overpayment and that it should be waived. IAF, Tab 1 at 5. He requested a hearing, *id.* at 2, but subsequently withdrew his request, IAF, Tab 18, after which the parties made additional submissions before the close of the record, IAF, Tabs 21-22. In an initial decision affirming OPM's final decision, the administrative judge first found that, in the absence of a challenge by the appellant, OPM had proven by preponderant evidence that an overpayment occurred. IAF, Tab 23, Initial Decision (ID) at 4 n.1. Agreeing with OPM's reasoning, the administrative judge then found that the appellant failed to prove by substantial evidence that he was without fault in creating the overpayment, ID at 5-6, and that he was not entitled to a waiver of the overpayment,[2] ID at 7.

¶5 The appellant has filed a petition for review, Petition for Review (PFR) File, Tab 3, and the agency has responded in opposition, PFR File, Tab 6.

## ANALYSIS

¶6 Recovery of payments under the CSRS retirement fund may not be made from an individual when, in the judgment of OPM, the individual is without fault and recovery would be against equity and good conscience. 5 U.S.C. § 8346(b); 5 C.F.R. § 831.1401. A recipient of an overpayment is without fault if the individual performed no act of commission or omission which resulted in the overpayment. 5 C.F.R. § 831.1402. Pertinent considerations in finding fault are (1) whether payment resulted from the individual's incorrect but not necessarily fraudulent statement, which should have been known to be incorrect; (2) whether payment resulted from the individual's failure to disclose material facts in the individual's possession which the individual should have known to be material; or

---

[2] The administrative judge further found that, because the appellant had not submitted any documentation to the Board, he did not show that the repayment schedule should be adjusted based on income and expenses. 5 C.F.R. § 831.1401; ID at 7.

(3) whether the individual accepted a payment which the individual knew or should have known to be erroneous. 5 C.F.R. § 831.1402(a).

¶7    In finding that the appellant was not without fault in creating the overpayment, the administrative judge found that his actions caused the circumstances of the overpayment because the applicable statutes and regulations did not permit him to use the retirement fund intermittently as "short-term insurance against discipline." ID at 5. Further, the administrative judge found that the appellant did not rebut OPM's argument that he accepted the retirement funds for a period during which, as it turned out, he was not retired but simply awaiting "a mitigation of his removal" that occurred when his settlement agreement converted his retirement period into a suspension and period of approved leave. ID at 5-6.

¶8    On review, the appellant asserts that he filed for retirement benefits when he was entitled to do so and that, once he became aware that he was no longer entitled to those benefits, he acted in good faith by notifying OPM on June 5, 2014, requesting that all pension payments and all deductions associated with them cease and asking if there was any other criterion that he needed to meet. PFR File, Tab 3 at 13; IAF, Tab 7 at 56. The appellant further contends that on July 7, 2014, he notified OPM that, on July 1, 2014, he received by direct deposit a pension "payment I should not have received" and asked what he should do regarding that payment. PFR File, Tab 3 at 14, IAF, Tab 16 at 6. The appellant claims that the record lacks evidence that he knew or should have known, when he was receiving retirement benefits, that they would much later be considered an overpayment. PFR File, Tab 3 at 14-15. As set forth below, we agree with the appellant that he is without fault in creating the overpayment.

¶9    Congress made specific provision for the appellant's actions under 5 U.S.C. § 7701(j), which permits retirement-eligible individuals to receive the benefits that they have earned at the same time that they are challenging a removal action. Civil Service Due Process Amendments, Pub. L. No. 101-376, § 3, 104 Stat. 461,

462-63 (1990); *see Mays v. Department of Transportation*, 27 F.3d 1577, 1580-81 (Fed. Cir. 1994) (holding that, under 5 U.S.C. § 7701(j), an employee who is "stigmatized with an adverse final decision reflected in her government employment record, may challenge the final removal decision while also opting to retire"). Congress has also specified that the Board may, by regulation, provide for one or more alternative methods for settling matters before the Board, which "shall be applicable at the election of . . . an employee . . . ." 5 U.S.C. § 7701(h). The Board's administrative judges have the authority to hold prehearing conferences for the settlement and simplification of issues, 5 C.F.R. § 1201.41(b)(12), and may initiate attempts to settle the appeal informally at any time, 5 C.F.R. § 1201.41(c)(1). If the parties agree to settle their dispute, the settlement agreement is the final and binding resolution of the appeal. 5 C.F.R. § 1201.41(c)(2). The Board has recognized the long-established public policy favoring settlement agreements, which avoid unnecessary litigation and encourage fair and speedy resolution of issues, thereby benefitting the parties, the Board, and the taxpayer. *See Delorme v. Department of the Interior*, 124 M.S.P.R. 123, ¶¶ 17, 20 (2017). Reading sections 8346(b), 7701(j), and 7701(h) as a whole, *see Maloney v. Executive Office of the President*, 2022 MSPB 26, ¶ 8, and acknowledging the public policy benefits of a settlement agreement in cases pending before the Board, regardless of the terms of the agreement, we find that the appellant is without fault in this case.

¶10      OPM's regulations support this result. As set forth above, a recipient of an overpayment is without fault if he "performed no act of commission or omission which resulted in the overpayment." 5 C.F.R. § 831.1402. Such acts of "commission or omission" are not directly defined, but the regulation does provide "pertinent considerations in finding fault" that clarify the nature of such an act of commission or omission. 5 C.F.R. § 831.1402(a); *see King v. Department of the Air Force*, 122 M.S.P.R. 531, ¶ 7 n.4 (2015) (holding that a general word or phrase is held to refer to things of the same kind as those that are

specifically enumerated). Here, the overpayment did not result from the appellant's incorrect but not necessarily fraudulent statement, which he should have known to be incorrect, nor did it result from his failure to disclose material facts in his possession that he should have known to be material. Further, the appellant did not accept a payment that he knew or should have known to be erroneous. We therefore find that the appellant performed no act of commission or omission similar to those specified in the regulation.

¶11 When, as here, OPM proves by preponderant evidence an overpayment of benefits, an appellant may prove, by substantial evidence, eligibility for waiver or adjustment. 5 C.F.R. § 1201.56(b)(2)(ii). Substantial evidence is the degree of relevant evidence that a reasonable person, considering the record as a whole, might accept as adequate to support a conclusion, even though other reasonable persons might disagree. 5 C.F.R. § 1201.4(p). Under the above circumstances, the appellant has shown by substantial evidence that he is without fault.

¶12 Nevertheless, we agree with the administrative judge's alternative finding that recovery of the overpayment is not against equity and good conscience. ID at 6-7. Recovery is against equity and good conscience when any of the following three factors are present: (1) recovery would cause financial hardship; (2) the recipient of the overpayment can show that, due to the notice that such payment would be made, the recipient relinquished a valuable right or changed positions for the worse; or (3) recovery would be unconscionable under the circumstances. 5 C.F.R. § 831.1403. The appellant does not challenge factor (1) on review, PFR File, Tab 3 at 17-20, and we therefore do not address it because, as the administrative judge found, the appellant elected not to submit a statement of his income and expenses necessary to support such a claim. ID at 7.

¶13 The administrative judge did not consider the appellant's claim under factor (2) that, due to notice of the overpayment, he relinquished a valuable right and changed positions for the worse. Because the appellant makes that argument on review, PFR File, Tab 3 at 7-9, 17, 20, we address it now. The basis of the

appellant's argument is that he paid taxes on the retirement annuity payments he received in tax years 2013 and 2014 but was unable to file amended returns based on the assessed overpayment because the date for doing so had passed, IAF, Tab 16 at 34, and that he has therefore suffered an irrevocable loss. PFR File, Tab 3 at 7-9, 17, 20. Assuming that the appellant's tax burden was increased, any such harmful result of the overpayment would not constitute detrimental reliance or meet the criteria described in 5 C.F.R. § 831.1403(a)(2) and in the part of OPM's published policy guidelines interpreting its regulations that concerns detrimental reliance. IAF, Tab 7 at 96-98, OPM's *Policy Guidelines on the Disposition of Overpayments under the Civil Service Retirement System and Federal Employees Retirement System (Policy Guidelines)*, § I.E.1 (1995). Those criteria do not apply to all situations in which an error or other circumstances cause a person's position to change for the worse. *Slater v. Office of Personnel Management*, 42 M.S.P.R. 510, 520 (1989). Instead, they apply to situations in which an action by one party misleads the other party and thereby induces the latter to act in a particular manner. *Id.* Here, although OPM's actions may have put the appellant in a position in which he was required to pay more taxes than he otherwise would have been required to pay, it did not do so by misleading him or inducing him to change his position. *See id.*

¶14     The administrative judge considered the appellant's claim under factor (3), that the recovery of the overpayment would be unconscionable. She found that he would receive a windfall if he were allowed to collect back pay from the retirement fund for a period of time he negotiated away in his settlement agreement with his employer and that the retirement fund itself would thereby be unfairly diminished. ID at 6-7. She did not, however, address the appellant's claim that unconscionability is established in this case because it took OPM 3 years to assess the overpayment. PFR File, Tab 3 at 18.

¶15     Under exceptional circumstances, gross or egregious errors or delays by OPM may lead to a finding that it is inequitable to recover an overpayment.

Granting a waiver under these circumstances requires a determination that OPM's handling of a case was so offensive—so monstrously harsh and shocking to the conscience—that one's sense of equity forbids recovery. IAF, Tab 7 at 98-99, *Policy Guidelines*, § I.F.1. The Board considers "all relevant factors using a 'totality-of-the-circumstances' approach in order to determine whether recovery of an annuity overpayment is unconscionable in a given case." *Aguon v. Office of Personnel Management*, 42 M.S.P.R. 540, 550 (1989).

¶16    In support of his claim, the appellant relies on *Gordon v. Office of Personnel Management*, 689 F. App'x 977 (Fed. Cir. 2017). PFR File, Tab 3 at 19. There, the court found that, when an appellant is without fault and a wholly unexplained delay of 3 years and almost 11 months in responding to a request for reconsideration follows an earlier 3-year delay in finalizing its calculations of the appellant's benefits, recovery of the overpayment is unconscionable when the appellant was deprived of the opportunity to pursue and receive other benefits he likely would have received during those delays. *Gordon*, 689 F. App'x at 988-89. The Board may rely on unpublished decisions of the U.S. Court of Appeals for the Federal Circuit, like *Gordon*, if it finds the court's reasoning persuasive. *Mauldin v. U.S. Postal Service*, 115 M.S.P.R. 513, ¶ 12 (2011). We decline to rely on *Gordon* in this case. Although OPM notified the appellant of the overpayment approximately 3 years after the IRS notified OPM that the appellant had been returned to duty, and OPM responded to his request for reconsideration approximately 18 months after he made that request, there is no indication that these delays deprived the appellant of the opportunity to pursue and receive other benefits he likely would have received during that period.

¶17    Based on the totality of the circumstances, we find that OPM's delay in assessing the overpayment in this case does not meet the high standard of being

so monstrously harsh and shocking to the conscience that equity forbids recovery.[3] We therefore agree with the administrative judge that the appellant failed to show by substantial evidence that recovery of the overpayment would be against equity and good conscience. Accordingly, he is not entitled to a waiver.

## ORDER

¶18     This is the final decision of the Merit Systems Protection Board in this appeal. Title 5 of the Code of Federal Regulations, section 1201.113 (5 C.F.R. § 1201.113).

## NOTICE OF APPEAL RIGHTS[4]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions

---

[3] To the extent that, under an earlier version of OPM's *Policy Guidelines*, recovery of that portion of an overpayment that accrued more than 3 years before the date of the initial overpayment notice was deemed unconscionable, *Aguon*, 42 M.S.P.R. at 550; *Policy Guidelines*, § I.F.4 (1985), that provision does not appear in the current version.

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain

judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5]  The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(B).

---

[5] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:

_____
Gina K. Grippando
Clerk of the Board

Washington, D.C.